## STATE v. MOSE HUNTER.

No. A-1473.   Opinion Filed January 13, 1913.

(129 Pac. 440.)

1. **COURTS—Jurisdiction of—County Court.** Under a plea to its jurisdiction, a county court is unauthorized to set aside and hold for naught an indictment of a lawful grand jury charging an offense within the jurisdiction of such court and transferred thereto by an order of the district court.

2. **APPEAL—Writ of Error—Record—Scope and Contents.** The original indictment and its indorsements constitute a necessary part of the record, and whatever is properly shown by them is considered as shown by the record.

3. **INDICTMENT AND INFORMATION—Setting Aside—Grounds.** No indictment should be set aside by an inferior court on the grounds of technical errors, informalities, or irregularities in the proceedings had in the district court returning said indictment and transferring the same to the trial court.

(Syllabus by the Court.)

*Error from Coal County Court;*
*R. H. Wells, Judge.*

Mose Hunter was indicted for a violation of the prohibitory law, and from an order of the county court, setting aside the indictment, the state brings error.   Reversed and remanded.

*Chas. West,* Atty. Gen., *Smith C. Matson,* Asst. Atty. Gen., and *Jas. R. Wood,* Co. Atty., for the State.

*Charles T. Gibson,* for defendant in error.

DOYLE, J.   This is an appeal by transcript of the record on the part of the state from a judgment of the county court of Coal county setting aside and holding for naught an indictment returned into the district court of Coal county, and by that court transferred to said county court, charging the defendant in error with a misdemeanor, to wit, the unlawful sale of whisky.   The defendant in error has filed a motion to dismiss the appeal upon fourteen separate grounds, none of which have merit, as a reason

for dismissing the appeal. Section 6947, Procedure Criminal (Comp. Laws 1909), provides:

"Appeals to the Criminal Court of Appeals may be taken by the state in the following cases, and no other: (1) Upon judgment for the defendant on quashing or setting aside an indictment or information. (2) Upon an order of the court arresting the judgment. (3) Upon a question reserved by the state."

This court has repeatedly held, and the statutes so provide, that an appeal may be taken to this court on a transcript of the record. The county attorney fully complied with all the requirements necessary to confer jurisdiction on this court. Notices of appeal were seasonably served, and the appeal perfected within the time allowed by law, and the certificate of the clerk to the transcript is sufficient. The motion to dismiss the appeal is therefore overruled.

On the question presented, it is the contention of the state that the plea of the defendant to the jurisdiction of the county court was insufficient to authorize the said court to set aside such indictment. The record discloses that upon arraignment the defendant filed the following plea:

"The State of Oklahoma v. Mose Hunter, Defendant. No. 1,230. Plea: Comes now the defendant, Mose Hunter, and respectfully shows to the court that this court is without jurisdiction to put this defendant upon trial under the indictment filed herein, and as grounds for such plea says: First, that said indictment was found and returned into the district court of Coal county, Oklahoma, by a grand jury of said Coal county; second, that said indictment was not triable in said district court; third, that said indictment has not been transferred from said court to this honorable court in the manner provided by law; fourth, that the purported order transferring said indictment from said district court to this honorable court is not a true and correct copy of any order of said district court made in relation to said indictment; fifth, that the said attempted transfer and the purported order by and of the said district court is insufficient in law to confer jurisdiction upon this honorable court to try this defendant for the offense charged in said indictment; sixth, that said purported transfer and the purported order transferring said indictment, and the certificate thereto attached, is not under the seal of said district court, and is not signed by the judge of said district court, the honorable Robert M. Rainey; seventh, that the

said proceedings had in relation to said indictment, the said indictment, and any and all papers coming from the said district court in this cause, do not bear the seal of the said district court and cannot be considered by this honorable court as coming from a court of record. Wherefore, premises considered, the defendant prays that said indictment may be set aside. [Signed] Jahn & Gibson, Attorneys for Defendant."

It will be observed that none of the statutory grounds for setting aside an indictment as prescribed by section 6738, Procedure Criminal (Comp. Laws 1909), are set forth, nor is it verified, alleging under oath that he (the defendant) is acting in good faith. In support of the plea, the following testimony was offered:

"C. L. Cardwell, clerk of the district court, being duly sworn, testified as follows: By Geo. E. Jahn: Q. State your name. A. C. L. Cardwell. Q. Are you a resident of Coal county? A. Yes, sir. Q. Do you hold any official position in Coal county? A. Yes, sir. Q. What is it? A. Clerk of the district court. Q. As such clerk, are you the custodian of the records? A. I am. Q. Were you the district clerk of the district court of Coal county during the August, 1911, term of the district court of Coal county? A. I was. Q. As such clerk, did you keep the records? A. I did. Q. State whether you have a record of an order by the district judge of that court directing the transfer of the misdemeanor indictments returned into that court at that term. A. I have. Q. Where is that record to be found? A. In the criminal journal, volume 1. Q. What page? A. There are several. The order of transfer is pages 313, 314, 315, 316, and 317, Criminal Journal, No. 1. Q. At that time, Mr. Cardwell, was it your business to transfer this indictment among others to the county court? A. Yes, sir. Q. Did you do it? A. I did. Q. Did you attach to that indictment the court's order? A. I consider that I did. Q. Mr. Cardwell, read from your record the order. A. 'Order Transferring Causes. Now on this the 5th day of September, 1911, it appearing to the court that indictment No. 451, entitled the State of Oklahoma v. James Webster, charges the said James Webster with the offense of selling liquor. Indictment No. 452, entitled the State of Oklahoma v. Martin Masoner, charges the said Martin Masoner with the offense of selling liquor. Indictment No. 453, entitled the State of Oklahoma v. W. S. Eyeman, charges the said W. S. Eyeman with the offense of selling liquor. Indictment No. 454, entitled the State of Oklahoma v. Ed Cook, charges the said Ed Cook with

the offense of selling liquor. Indictment No. 455, entitled the State of Oklahoma v. Ed Cook, charges the said Ed Cook with the offense of selling liquor. Indictment No. 456, entitled the State of Oklahoma v. Art Williamson, charges said Art Williamson with the offense of selling liquor. Indictment No. 457, entitled the State of Oklahoma v. Mark Chapman, charges the said Mark. Chapman with the offense of selling liquor. Indictment No. 458, entitled the State of Oklahoma v. Joe King, charges the said Joe King with the offense of selling liquor. Indictment No. 459, entitled the State of Oklahoma v. Claud Stevens, charges the said Claud Stevens with the offense of selling liquor. Indictment No. 460, entitled the State of Oklahoma v. Barney Cescolini, charges the said Barney Cescolini with the offense of selling liquor. Indictment No. 461, entitled the State of Oklahoma v. Barney Cescolini, charges the said Barney Cescolini with the offense of selling liquor. Indictment No. 462, entitled the State of Oklahoma v. Art Williamson, charges the said Art. Williamson with the offense of selling liquor. Indictment No. 463, entitled the State of Oklahoma v. Art Williamson, charges the said Art Williamson with the offense of selling liquor. Indictment No. 464, entitled the State of Oklahoma v. Mark Chapman, charges the said Mark Chapman with the offense of selling liquor. Indictment No. 465, entitled the State of Oklahoma v. Art Williamson, charges the said Art Williamson with the offense of selling liquor. Indictment No. 466, entitled the State of Oklahoma v. Wilton Droke, charges the said Wilton Droke with the offense of selling liquor. Indictment No. 467, entitled the State of Oklahoma v. Joe Brooks, charges the said Joe Brooks with the offense of selling liquor. Indictment No. 468, entitled the State of Oklahoma v. Bud Taylor, charges the said Bud Taylor with the offense of selling liquor. Indictment No. 469, entitled the State of Oklahoma v. Mrs. C. J. Diamond, charges the said Mrs. C. J. Diamond with the offense of selling liquor. Indictment No. 470, entitled the State of Oklahoma v. James Barker, charges the said James Barker with the offense of selling liquor. Indictment No. 471, entitled the State of Oklahoma v. Lit Bays, charges the said Lit Bays with the offense of assault and battery. Indictment No. 472, entitled the State of Oklahoma v. Joe Brooks, charges the said Joe Brooks with the offense of gambling. Indictment No. 473, entitled the State of Oklahoma v. Isaac Boyd, charges the said Isaac Boyd with the offense of selling liquor. Indictment No. 474, entitled the State of Oklahoma v. Barney Cescolini, charges the said Barney Cescolini with the offense of selling liquor. Indictment No. 475, entiteld the State of Okla-

homa v. George Sharron, charges the said George Sharron with the offense of selling liquor. Indictment No. 476, entitled the State of Oklahoma v. George Sharron, charges the said George Sharron with the offense of selling liquor. Indictment No. 477, entitled the State of Oklahoma v. Ben Summers, charges the said Ben Summers with the offense of selling liquor. Indictment No. 478, entitled the State of Oklahoma v. George Sharron, charges the said George Sharron with the offense of selling liquor. Indictment No. 479, entitled the State of Oklahoma v. Wallace Wolf, charges the said Wallace Wolf with the offense of selling liquor. Indictment No. 480, entitled the State of Oklahoma v. Mose Hunter, charges the said Mose Hunter with the offense of selling liquor. Indictment No. 481, entitled the State of Oklahoma v. Bob Arnold, charges the said Bob Arnold with the offense of carrying weapons. Indictment No. 482, entitled the State of Oklahoma v. Tom Guyens, charges the said Tom Guyens with the offense of gambling. Indictment No. 483, entitled the State of Oklahoma v. Tony Antone, charges the said Tony Antone with the offense of selling liquor. Indictment No. 484, entitled the State of Oklahoma v. Tony Antone, charges the said Tony Antone with the offense of selling liquor. Indictment No. 485, entitled the State of Oklahoma v. Bill Carroll, charges the said Bill Carroll with the offense of selling liquor. Indictment No. 486, entitled the State of Oklahoma v. Tony Antone, charges the said Tony Antone with the offense of selling liquor. Indictment No. 487, entitled the State of Oklahoma v. Tony Antone, charges the said Tony Antone with the offense of selling liquor. Indictment No. 488, entitled the State of Oklahoma v. Tony Antone, charges the said Tony Antone with the offense of selling liquor. Indictment No. 489, entitled the State of Oklahoma v. Tony Antone, charges the said Tony Antone with the offense of selling liquor. Indictment No. 490, entitled the State of Oklahoma v. Mark Chapman, charges the said Mark Chapman with the offense of selling liquor. Indictment No. 491, entitled the State of Oklahoma v. Mark Chapman, charges the said Mark Chapman with the offense of selling liquor. Indictment No. 492, entitled the State of Oklahoma v. Mark Chapman, charges the said Mark Chapman with the offense of selling liquor. Indictment No. 493, entitled the State of Oklahoma v. Isaac Boyd, charges the said Isaac Boyd with the offense of selling liquor. Indictment No. 494, entitled the State of Oklahoma v. Tony Antone, charges the said Tony Antone with the offense of selling liquor. Indictment No. 495, entitled the State of Oklahoma v. Adam Zingle, charges the said Adam Zingle with the offense

of selling liquor. Indictment No. 496, entitled the State of Oklahoma v. Grover Garr, charges the said Grover Garr with the offense of selling liquor. Indictment No. 497, entitled the State of Oklahoma v. W. S. Partain, charges the said W. S. Partain with the offense of selling liquor. Indictment No. 498, entitled the State of Oklahoma v. Ed Cook, charges the said Ed Cook with the offense of gambling. Indictment No. 499, entitled the State of Oklahoma v. Tuck Love, charges the said Tuck Love with the offense of gambling. Indictment No. 500, entitled the State of Oklahoma v. Tom Tiner, charges the said Tom Tiner with the offense of gambling. Indictment No. 501, entitled the State of Oklahoma v. C. H. Evans, charges the said C. H. Evans with the offense of gambling. Indictment No. 502, entitled the State of Oklahoma v. John Allen, charges the said John Allen with the offense of gambling. Indictment No. 503, entitled the State of Oklahoma v. Charles Covington, charges the said Charles Covington with the offense of selling liquor. Indictment No. 504, entitled the State of Oklahoma v. Charles Covington, charges the said Charles Covington with the offense of selling liquor. Indictment No. 505, entitled the State of Oklahoma v. Silva Otrero, charges the said Silva Otrero with the offense of selling liquor. Indictment No. 506, entitled the State of Oklahoma v. Art. Williamson, charges the said Art Williamson with the offense of selling liquor. Indictment No. 507, entitled the State of Oklahoma v. James Clark, charges the said James Clark with the offense of selling liquor. Indictment No. 508, entitled the State of Oklahoma v. Ed Cook, charges the said Ed Cook with the offense of selling liquor. Indictment No. 509, entitled the State of Oklahoma v. W. S. Partain, charges the said W. S. Partain with the offense of selling liquor. Indictment No. 510, entitled the State of Oklahoma v. William Alcorn, charges the said William Alcorn with the offense of selling liquor. Indictment No. 511, entitled the State of Oklahoma v. Lee Garr, charges the said Lee Garr with the offense of selling liquor. Indictment No. 512, entitled the State of Oklahoma v. Lee Garr, charges the said Lee Garr with the offense of selling liquor. Indictment No. 513, entitled the State of Oklahoma v. Mrs. Adam Zingle, charges the said Mrs. Adam Zingle with the offense of selling liquor. Indictment No. 514, entitled the State of Oklahoma v. Barney Cescolini, charges the said Barney Cescolini with the offense of selling liquor. Indictment No. 515, entitled the State of Oklahoma v. Adam Zingle, charges the said Adam Zingle with the offense of selling liquor. Indictment No. 516, entitled the State of Oklahoma v. Art Williamson, charges the said Art Wil-

liamson with the offense of selling liquor. Indictment No. 517, entitled the State of Oklahoma v. William Alcorn, charges the said William Alcorn with the offense of selling liquor. Indictment No. 519, entitled the State of Oklahoma v. Tony Antone, charges the said Tony Antone with the offense of selling liquor. Indictment No. 520, entitled the State of Oklahoma v. W. S. Partain, charges the said W. S. Partain with the offense of selling liquor. Indictment No. 521, entitled the State of Oklahoma v. Art Williamson, charges the said Art Williamson with the offense of selling liquor. Indictment No. 522, entitled the State of Oklahoma v. Dick Dye, charges the said Dick Dye with the offense of selling liquor. Indictment No. 523, entitled the State of Oklahoma v. Earl Chapman, charges the said Earl Chapman with the offense of selling liquor. Indictment No. 524, entitled the State of Oklahoma v. Mrs. Joe Ellene, charges the said Mrs. Joe Ellene with the offenes of selling liquor. Indictment No. 525, entitled the State of Oklahoma v. James Webster, charges the said James Webster with the offense of selling liquor. Indictment No. 526, entitled the State of Oklahoma v. Mrs. Joe Ellene, charges the said Mrs. Joe Ellene with the offense of selling liquor. Indictment No. 527, entitled the State of Oklahoma v. Mrs. Corrups, charges the said Mrs. Corrups with the offense of selling liquor. Indictment No. 528, entitled the State of Oklahoma v. Joe King, charges the said Joe King with the offense of selling liquor. Indictment No. 529, entitled the State of Oklahoma v. Fred Reggi, charges the said Fred Reggi with the offense of selling liquor. Indictment No. 530, entitled the State of Oklahoma v. Will Sandy, charges the said Will sandy with the offense of selling liquor. Indictment No. 531, entitled the State of Oklahoma v. Martin Masoner and Mrs. Martin Masoner, charges the said Martin Masoner and Mrs. Martin Masoner with the offense of liquor nuisance. That said offenses are misdemeanors, and that the district court of Coal county, Oklahoma, has no jurisdiction to try said causes. It is therefore ordered that the above and foregoing numbered and styled causes be, and the same are hereby transferred to the county court of Coal county, Oklahoma, there to be docketed, held and proceeded with in the manner provided by law. Robert M. Rainey, District Judge.' Q. Is that the order of the court on which this indictment was transferred? A. Yes, sir. Q. Is that signed by Judge Rainey in person? A. Yes, sir. Q. Is that order attached to indictment 480 asserted to be a true copy? A. Yes, sir. Q. The order attached to indictment No. 480, was that signed by Judge Rainey? A. No, sir; it is a certified copy of his signature."

The record further shows the following clerk's certificate to the order transferring said cause:

"State of Oklahoma, Coal County—ss.:

"I, C. L. Cardwell, clerk of the district court of Coal county, Oklahoma, do hereby certify that the above and foregoing is a true and correct copy of all the records and orders of the district court, of Coal county, Oklahoma, made in the case of the State of Oklahoma v. Mose Hunter, indictment No. 480, charging the said Mose Hunter with the crime of selling liquor, as the same appears of record in my office in the journal of said court; that the indictment following this certificate, being indictment No. 480, State of Oklahoma v. Mose Hunter, is the original and identical indictment in said cause returned into the district court of Coal county, Oklahoma, by the grand jury on the 5th day of September, 1911.; and that the bill of costs hereto attached is a true and correct bill of all the costs that have accrued in said cause in the district court of Coal county, Oklahoma.

| | |
|---|---:|
| Docket | $2.00 |
| Entering order to file indictment | .10 |
| Filing indictment | .10 |
| Recording indictment in indictment record | .60 |
| Jurat and seal to indictment record | .25 |
| Entering order to transfer to county court | .10 |
| Certifying to district court proceedings | 1.25 |
| Total | $4.40 |

"In witness whereof, I have hereunto set my hand and the seal of said court at Coalgate, in said county and state, on this, the 5th day of September, 1911.

"[Signed] C. L. CARDWELL,
"Clerk of District Court. [Seal.]"

The judgment of the county court is as follows:

"The court, being fully advised in the premises, finds as follows, to wit: First. That this cause comes to this court from the district court of Coal county, Oklahoma. Second. That the said cause comes into this court upon a purported transcript of the clerk of the district court. Third. That from the purported record accompanying said cause the court finds that the district court of Coal county, Oklahoma, convened in regular session on the 21st day of August, 1911, and that there was no transcript showing that court convened on the first Monday in August, 1911. Fourth. That there was no order issued by the said district court calling a grand jury for said term of said district court. Fifth. That there is no record of the issuance of a venire for said grand jury from said district court. Sixth. That there is

no record bearing the signature of the judge of the said district court, nor is there any record bearing the seal of said district court attached to the purported separate order that the district judge made transferring this cause to the county court of Coal county, Oklahoma, and that such purported order of the district judge is not such an order that would give the county court of Coal county, Oklahoma, jurisdiction of this cause. Seventh. That the purported order accompanying the indictment herein is not a true copy of any order made by the district court in relation to this cause. Eighth. That this cause comes into this court without a certified copy of the record of the proceedings had in said cause in the said district court of Coal county, Oklahoma. Ninth. That none of the record, proceedings, or papers coming to this court from the said district court are certified or signed by the judge of said district court, nor do they or either of them bear the attestation of the clerk of said district court, nor are any of the proceedings had in said district court in this cause certified to this court as true and correct copies as the same appear of record in said district court. Tenth. That the said purported transfer herein is not accompanied by an attached certified bill of costs. Eleventh. That the record as disclosed by the record coming to this court herein, as afore mentioned, is insufficient in law to confer jurisdiction upon this court to hear and determine the said cause. Twelfth. That this court is without jurisdiction in the premises. It is therefore ordered, adjudged, and decreed by the court that the plea of the defendant to the jurisdiction of this court be, and the same is hereby, sustained, and the indictment filed in this court be, and the same is hereby, set aside and held for naught. To the ruling of the court the state excepts, and is granted forty (40) days to make transcript to the Criminal Court of Appeals of the State of Oklahoma."

After a careful examination of the record, the conclusion of the court is that this judgment of the county court cannot be permitted to stand. There was no question properly raised by this so-called plea to the jurisdiction of the county court that said indictment was not found, indorsed, presented, or filed as prescribed by law, or that the grand jury was not drawn or impaneled as provided by law.

The original indictment, with all its indorsements, becomes a part of the record of the case, and whatever is properly shown by the caption and the indorsement is considered as shown by the record. *John Jolly v. State,* 5 Okla. Cr. 301, 115 Pac. 124.

The indictment recites that it was returned "at the August, 1911, term of the district court of Coal county, state of Oklahoma, begun and held at the city of Coalgate in said county on the 7th day of August, nineteen hundred and eleven, the grand jury of said county, good and lawful men, legally drawn and summoned according to law, and then and there examined, impaneled, sworn and charged according to law," etc. It is signed by the county attorney of that county, and indorsed by the foreman of the grand jury as a true bill. The record therefore shows that this indictment was found and returned in the manner and by the means prescribed by law.

In addition thereto, the record shows a sufficient order transferring the indictment to the county court, with a certified copy of such order, and also with a bill of costs that have accrued therein in the district court. This is all that is necessary under the requirement of the statute (section 551, Comp. Laws 1909). The trial court should have summarily overruled the so-called plea for the reason that it was insufficient as a motion to set aside on statutory grounds, and was not verified; and, as a plea in abatement, it is bad in so far as it contradicts the record. The absolute verity which a regular judicial record imports cannot be questioned by a proceeding of this kind in an inferior court. If an indictment, apparently legal and formal, has not in fact the sanctions which the law and the Constitution require, a motion to set aside, or a plea in abatement, must be specific as to that fact, and, when properly raised, the question must be tried by an inspection of the record.

Here, under the findings and judgment of the county court, 70 odd indictments transferred from the district court thereto are held to be illegal. There is absolutely no warrant of law, technical or otherwise, to sustain the judgment of the county court. Courts are established to preserve the pure administration of justice, and to secure substantial, and not mere technical rights. Yet it would seem that there is a tendency, manifest in a few of the courts of inferior jurisdiction in this state, to set aside and hold for naught indictments transferred to them from district courts on motions and pleas that do not set forth any

statutory ground for setting ·aside an indictment.    No indict-
ment should be set aside by an inferior court on the grounds of
technical errors, informalities, or irregularities in the proceed-
ings had in the district court returning said indictment and in
transferring the same to the trial court.

The judgment of the county court of Coal county is reversed,
and the cause remanded thereto to be proceeded with in accord-
ance with the views herein expressed.

FURMAN, P. J., and ARMSTRONG, J., concur.