## STATE v. WILBUR HUNT.

No. A-6932.   Opinion Filed July 3, 1929.
(279 Pac. 519.)

A. N. Boatman and E. W. Smith, for the State.

Joe Eaton, for defendant in error.

DAVENPORT, J. This in an appeal by the state upon a reserved question of law as provided in section 2807, Compiled Statutes 1921, which provides that the state may appeal (1) upon a judgment for the defendant quashing or setting aside the information; (2) upon an order of the court arresting the judgment; and (3) upon the question reserved by the state's appeal being of statutory origin, an appeal cannot be taken in any case excepting as above stated.

The question of law reserved by the state herein arose in this wise: The defendant in error, Wilbur Hunt, was charged with the crime of burglary, a jury was impaneled and sworn. At the close of the testimony, the defendant filed the following demurrer:

"Comes now the defendant and demurs to the evidence offered on the part of the state, and asks that the court instruct the jury to return a verdict in favor of the defendant against the state of Oklahoma, for the reason

that the evidence is wholly insufficient to prove the offense alleged in the information, or any other offense under the laws of the state.

"Second. For the further reason that there is no evidence on the part of the state corroborating in the slightest degree the testimony of the witness and accomplice Charley De Roule.

"Third. That there is a fatal variance between the allegations in the information and the proof on the part of the state."

The demurrer was argued and sustained by the court, and the jury directed to return a verdict of acquittal. The state reserved an exception to the action of the court in sustaining the demurrer, and defendant then requested the court to direct the jury to return a verdict of not guilty against the defendant. The court directed the jury to return a verdict of not guilty, which was done, which verdict was signed and returned into open court, and the state has appealed to this court on a reserved question of law.

Since the defendant was acquitted by a verdict of the jury, this case as to him is at an end. He was in jeopardy by being put on trial and having the issues submitted to and determined by the jury. When the case was filed in this court, a motion of the defendant in error was filed, in which motion it was stated that the appeal was taken from the verdict and judgment of acquittal rendered in the trial court upon all the evidence introduced in the case, and for the further reason acquittal by a jury in the trial court is a complete bar to any further prosecution against the defendant in error, and therefore all questions involved in this appeal are moot, and no purpose can be served by this court reviewing the judgment involved in this appeal.

Response was filed by the state, in which it is urged that this court should pass upon the question as to whether or not there is a fatal variance between the allegations contained in the information and the evidence as introduced at the trial on behalf of the state. It is urged by the plaintiff in error that the question reserved by it should be settled by this court, for the reason that two other defendants are yet to be tried on the same charge, and the plaintiff in error cites the cases of State v. Skelton et ux., 36 Okla. Cr. 377, 254 Pac.' 754, and Smith v. State, 30 Okla. Cr. 144, 235 Pac. 273. An examination of these cases shows that the question reserved there was the question of the admission of testimony or demurrer to the information.

In this case the court sustained the demurrer of the defendant, and held that the testimony of the state was insufficient to sustain a conviction, and directed the jury to return a verdict of acquittal. The jury returned a verdict of acquittal, which verdict was received and filed by the court and made a part of the record in this case The judgment is final, and defendant cannot again be prosecuted for the offense charged in this information. The question as to the procedure to be followed in the trial of the two defendants jointly informed against with this defendant is not properly before this court for an opinion.

The question that was decided by the trial court was that the testimony was insufficient to sustain a conviction. No good purpose can be served by this court considering the sufficiency of the evidence and reviewing the evidence of the trial court in sustaining the demurrer. The motion to dismiss the appeal is sustained, and appeal is dismissed.

EDWARDS, P. J., and CHAPPELL, J., concur.