**The STATE of Oklahoma, Plaintiff in Error,**

**v.**

**James Cecil HARRINGTON,**
**Defendant in Error.**

**No. A–12289.**

Criminal Court of Appeals of Oklahoma.

March 7, 1956.

Rehearing Denied April 25, 1956.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., Lloyd H. Henry, County Atty., Pottawatomie County, Shawnee, for plaintiff in error.

F. H. Reily, Kenneth B. Kienzle, Shawnee, for defendant in error.

BRETT, Judge.

This is an attempted appeal under the provisions of 22 O.S.1951 § 1053, brought by the State of Oklahoma by means of transcript. To the attempted appeal, the defendant in error has filed his motion to dismiss on the ground that the question sought to be raised presents mixed questions of law and of fact, and could not be determined without a consideration of the evidence.

 It has been repeatedly held that the State of Oklahoma may appeal on certain grounds, among which is on a question reserved by the State. This provision of the statute has been approved by the authority of Smith v. State, 30 Okl.Cr. 144, 235 P. 273. Questions to be reserved, however, may be appealed only on the condition set forth in the statute. State v. Gray, 71 Okl.Cr. 309, 111 P.2d 514. Therein, it was held the statutory authority can not be enlarged upon. The fact the defendant may have been acquitted, and can not again be tried for the same offense, will not, in any way, interfere with the right of the State to appeal and have the question so reserved settled. That the State may invoke such procedure, is now well established.

 In the case at bar, the State urges first the action of the trial court in refusing to submit to the jury the question of whether the injury sustained was serious bodily injury was error. The county attorney urges that the court can be sufficiently advised of the law and fact involved herein, by inspecting both the transcript and the journal entry of judgment, without aid of a case-made. Nevertheless, it is admitted by the State that the reserved question is one of mixed fact and law.

The second proposition is that the action of the trial court in sustaining the motion of the defendant for a directed verdict was error. The county attorney likewise admits that this issue involves a mixed question of law and fact.

Third, the State contends that the action of the trial court in failing to submit the case to the jury on the included offense of assault and battery, was error. This issue could not be resolved without having before us the case-made containing a transcript of the evidence. Hence, it likewise presents a mixed question of law and fact.

Fourth, the State urges that the action of the trial court in refusing to allow the county attorney to argue the case to the jury after the motion for directed verdict was sustained was error. This proposition likewise presents a mixed question of law and fact.

 Ordinarily, both parties to an action have the right to be heard in person or by counsel. Henry v. State, 10 Okl.Cr. 369, 136 P. 982, 52 L.R.A.,N.S., 113. However, where a verdict is directed, such matter is within the scope of sound judicial discretion and argument should not be permitted, merely to satisfy the whim of the county attorney.

■ All the questions raised herein, are resolved by Ward v. State, 56 Okl.Cr. 316, 38 P.2d 582, wherein it was said:

"Mixed questions of law and fact involving rulings of the trial court on the admissibility of evidence, and failure of the trial court to fully instruct on the law applicable to the evidence can only be presented for review on appeal by incorporating the same into a bill of exceptions or case-made; such questions are not presented for review on appeal by transcript of the record alone."

State v. Gray, supra.

■ The appeal herein is attempted by transcript. Appeal by transcript may be taken by the State, on reserved questions, where only questions of law are involved. State v. Hunter, 8 Okl.Cr. 505, 129 P. 440. However, where mixed questions of law and fact are involved, a case can not be properly adjudicated without the record of the evidence below for consideration of the law applicable thereto.

The record herewith presented thus being insufficient, the within appeal is dismissed.

JONES, P. J., and POWELL, J., concur.