STATE of Oklahoma, Appellant,

v.

Gordon Thomas ROBINSON and Robert Brent Baker, Appellees.

No. O–75–415.

Court of Criminal Appeals of Oklahoma.

Dec. 18, 1975.

3. Further, the record does not reflect any objection to the procedure followed by the trial judge.

See also, Okl.Cr., 544 P.2d 551, 544 P.2d 553, 544 P.2d 554.

Marvin E. Spears, Asst. Dist. Atty., Tulsa County, for appellant.

No appearance for appellees.

## OPINION

BUSSEY, Judge:

This is an attempted appeal on a reserved question of law brought by the State from an order of the District Court, Tulsa County, entered on motion of the State, dismissing the charges against Gordon Thomas Robinson and Robert Brent Baker in Case No. CRF–73–1301. The minute entered on the Appearance Docket on the 7th day of April, 1975, provided:

"ROBINSON & BAKER:

Defendants represented by Pat Williams and Neil Bogan. State represented by Marvin Spears. Court reporter was Virginia Woolridge. Order to stay decision on motions of October 10, 1974 set aside. Order sustaining motion to suppress evidence of September 30, 1974, reaffirmed. Case dismissed with prejudice and with future action, upon statement of district attorney that no new or additional evidence existed to be offerred [sic]. Bond exonerated for each defendant and each defendant discharged. DALTON"

Prior to the entry of this order, the Appellees had been charged on the 18th day of July, 1973, with the offense of Possession of Heroin With Intent to Distribute. After preliminary hearing, they were bound over, arraigned in District Court and thereafter the Honorable Jay Dalton orally entered an order sustaining Appellees' motion to suppress evidence seized by authority of a search warrant. This oral order was vacated by the trial court on motion of the District Attorney and the State

sought prohibition in this Court and we declined to assume original jurisdiction, said order declining to assume original jurisdiction becoming final on March 21, 1975. Thereafter, the trial court sustained the Appellees' motion to suppress evidence and the State filed a motion to dismiss with prejudice, for the reason that there was insufficient evidence absent the fruits of the search and seizure, to prosecute the Appellees. It was on this motion of the State to dismiss that the trial court entered the minute of April 7, 1975. The trial court's authority to enter an order dismissing the charges is conferred by authority of 22 O.S.1971, § 815[1], which provides:

> "The court may either of its own motion or upon the application of the county attorney, and the furtherance of justice, order an action or indictment to be dismissed; but in that case the reasons of the dismissal must be set forth in the order, which must be entered upon the minutes. R.L.1910, § 6099."

The effect of the trial court's order of dismissal is governed by the provisions of 22 O.S.1971, § 817[2], as follows:

> "An order for the dismissal of the action, as provided in this Article, is not a bar to any other prosecution for the same offense. R.L.1910, § 6101."

■ This Court held, in *Jones v. Busby*, 37 Okl.Cr. 68, 256 P. 758 (1927), in construing 22 O.S., § 815 that an order dismissing a criminal action must set forth in the order the reason for the dismissal and which must be entered on the minutes; and further that an oral statement by the judge that he would dismiss, and that he would have the clerk enter the order, did not constitute a dismissal. We have also held that the authority to dismiss a prose-

cution is vested solely in the judge and that a prosecution is not dismissed merely by the District Attorney filing a motion to dismiss. In an unbroken line of decisions by this Court construing 22 O.S., § 815 and § 817, supra, it has been uniformly held that an order entered by the trial court dismissing the charge against an accused does not bar a subsequent prosecution under a new indictment or information, unless the defendant has been placed in jeopardy.

■ Construing 22 O.S.1971, § 815 and § 817 together, it is abundantly clear that the order entered by the trial court in Case No. CRF–73–1301, purporting to dismiss the charge on motion of the District Attorney, with prejudice, stated sufficient reasons for the dismissal required under *Jones v. Busby*, supra, but does not bar a refiling of the charge against Gordon Thomas Robinson and Robert Brent Baker, since the Appellees have not been placed in jeopardy, and that part of the order which purports to dismiss with prejudice is a nullity and in contravention of the express provisions of 22 O.S.1971, § 817.

This leads us to a consideration of whether the State's attempted appeal is properly before this Court. The right of the State to appeal is founded under the provisions of 22 O.S.1971, § 1053[3], which provides:

> "Appeals to the Criminal Court of Appeals may be taken by the State in the following cases and no other:
>
> "1. Upon judgment for the defendant on quashing or setting aside an indictment or information.
>
> 2. Upon an order of the court arresting the judgment.
>
> 3. Upon a question reserved by the State. R.L.1910, § 5990."

---

1. Historical Note. St.1890, § 5857; St.1893, § 5422; St.1903, § 5710; Comp.Laws 1909, § 7050; Comp.St.1921, § 2916.

2. Historical Note. St.1890, § 5859; St.1893, § 5424; St.1903, § 5712; Comp.Laws 1909, § 7052; Comp.St.1921, § 2918.

3. Historical Note. St.1890, § 5755; St.1893, § 5420; St.1903, § 5608; Comp.Laws 1909, § 6947; Comp.St.1921, § 2807.

The further provisions of 22 O.S.Supp. 1975, § 1053.1 are as follows:

"Any final judgment entered by a district court in a criminal action rendering an act of the State Legislature to be unconstitutional shall be automatically appealed to the Court of Criminal Appeals, unless said act has been previously declared unconstitutional by said Court of Criminal Appeals. Such appeals shall be by the district attorney upon a reserved question of law."

Clearly, a dismissal predicated upon the ruling of the trial court which does not bar further prosecution, does not fall within the ambit of ¶ 1 which allows appeals "upon judgment for the defendant on quashing or setting aside an indictment or information," nor does it fall within the purview of ¶ 2 which authorizes an appeal "upon an order of the court arresting the judgment." An order arresting judgment has been uniformly held to be an order entered by the trial court after the verdict has been returned, and prior to the entry of judgment and sentence which is based on a defect appearing on the face of the record and not on any error committed on the admission or rejection of evidence during the trial. An appeal from an order arresting the judgment may be reviewed by an appellate court and if the trial court's order arresting the judgment is incorrect, the appellate court may direct the trial court to vacate the order in arrest of judgment, and sentence the defendant in accordance with the law or the verdict of the jury. The order in arrest of judgment does not operate to discharge the defendant, nor prohibit pronouncement of judgment and sentence. For a concise discussion of an appeal from an order in arrest of judgment, and its effect, see the decision of Justice Marshall in *United States v. Wilson,* 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed. 2d 232 (1975).

Clearly, the order of the trial court sustaining the motion to suppress is not appeable as an order in arrest of judgment.

This leads us to a consideration of whether the appeal may be perfected under ¶ 3 "upon a question reserved by the State." We find no authority for so holding. The right of the State to appeal on a reserved question of law under ¶ 3 has been before this Court many times and the landmark case of *State v. Smith,* 30 Okl. Cr. 144, 235 P. 273 (1925) succinctly sets forth the law in this jurisdiction since the creation of this Court. In *State v. Smith,* supra, it was said:

"Since the defendant was acquitted by verdict of a jury, this case as to him is at an end. He was in jeopardy by being put on trial and having the issues submitted to and determined by a jury. In some jurisdictions, where a defendant in a criminal case has been so eliminated from the controversy, the state is powerless to appeal on a mere naked question of law. But that is because of some constitutional inhibition or limitation. *State v. Kelsey,* 49 N.D. 148, 190 N.W. 817; *State v. Hazledahl,* 2 N.D. 521, 52 N.W. 315, 16 L.R.A. 150. But there is no constitutional limitation in this state in conflict with our statute authorizing an appeal on a question of law reserved by the state, including cases where the accused may have been acquitted or discharged. *State v. Frisbee* [sic], 8 Okl.Cr. 406, 127 P. 1091; *State v. Rule,* 11 Okl.Cr. 237, 144 P. 807; *State v. Vaughn,* 15 Okl. Cr. 187, 175 P. 731; *State v. Tibbetts,* 21 Okl.Cr. 168, 205 P. 776; *State v. Robertson,* 28 Okl.Cr. 234, 230 P. 932. In the Frisbee [sic] Case the first syllabus reads as follows:

'The state has a right to prosecute an appeal to this court upon any question of law reserved by the state during the trial of a criminal case. The fact that the defendant may have been acquitted and could not again be tried for the same offense will not in any way interfere with the right of the state to appeal and have the question so reserved settled.'

"In the instant case the trial court doubtless ordered the testimony obtained by means of the search warrant to be withdrawn from the consideration of the jury, and instructed the jury to bring in a verdict of acquittal on authority of the recent holdings of this court in the case of *Hannon v. State* [29 Okl.Cr. 203], 233 P. 249. In the Hannan Case the affidavit upon which the search warrant was based was as follows: . . . "

The Court went on to distinguish the affidavit for search warrant in the Hannan case and the one on review for their consideration and reversed the ruling of the trial court.

We have examined every decision of this Court [4] and are of the opinion that in order to appeal on a reserved question of law, the appeal must be taken from a judgment of acquittal of the defendant, or from an order of the court authorized by law which expressly bars further prosecution.

Had the State wished to appeal on a reserved question of law in the instant case, it should have proceeded to trial before a jury, or the court, if both parties agreed to a waiver of a trial by jury, and had the Appellees been acquitted, the State could have appealed on a question of law reserved by the State.

We are not unmindful that a persuasive argument may be made on behalf of the people that an appeal from an order sustaining a motion to suppress should be authorized without jeopardy having attached, but it is to the Legislative branch of government that this argument must be presented, where the proponents of such legislation, together with those who would oppose its adoption, may be heard; and the people's elected representatives may exercise their constitutional responsibility in enacting or rejecting such legislation, in what they deem to be in the best interest of society.

In conclusion, we observe that since the trial court dismissed the criminal proceeding as authorized by 22 O.S.1971, § 815, the State may reinstitute the prosecution under the authority of 22 O.S.1971, § 817 (unless the filing of the information is barred by the statute of limitations). In the event the State refiles an information, the Presiding Judge of the 14th Judicial District should assign the case to a judge other than Judge Dalton, for preliminary hearing, and in the event that the Appellees be bound over, the case should be assigned to a judge other than Judge Dalton, who shall not be bound by Judge Dalton's prior ruling on the motion to suppress. In the event the Appellees be bound over and a motion to suppress be sustained, in order

4. *State v. Clifton*, 2 Okl.Cr. 189, 100 P. 1124 (1909) ; *State v. Pollock*, 5 Okl.Cr. 26, 113 P. 207 (1911) ; *State v. Brown*, 8 Okl.Cr. 40, 126 P. 245 (1912) ; *State v. Frisbie*, 8 Okl. Cr. 406, 127 P. 1091 (1912) ; *State v. Hunter*, 8 Okl.Cr. 505, 129 P. 440 (1913) ; *State v. Rule*, 11 Okl.Cr. 237, 114 P. 807 (1914) ; *Oklahoma City v. Tucker*, 11 Okl.Cr. 266, 145 P. 757 (1915) ; *State v. Coyle*, 11 Okl.Cr. 637, 150 P. 80 (1915) ; *State v. Curley*, 13 Okl.Cr. 25, 161 P. 831 (1916) ; *State v. Weathers*, 13 Okl.Cr. 92, 162 P. 329 (1917) ; *State v. Vaughn*, 15 Okl.Cr. 187, 175 P. 731 (1918) ; *State v. Childers*, 17 Okl.Cr. 627, 191 P. 1043 (1920) ; *State v. Young*, 20 Okl. Cr. 383, 203 P. 484 (1922) ; *State v. Tibbetts*, 21 Okl.Cr. 168, 205 P. 776 (1922) ; *Inc. Town of Idabel v. Dooley*, 23 Okl.Cr. 278, 214 P. 735 (1923) ; *State v. Robertson*, 28 Okl.Cr. 234, 230 P. 932 (1924) ; *State v. Dennis*, 28 Okl.Cr. 312, 230 P. 935 (1924) ;

*City of Ada v. Rupprecht*, 29 Okl.Cr. 227, 233 P. 238 (1925) ; *State v. Smith*, 30 Okl.Cr. 144, 235 P. 273 (1925) ; *State v. Walton*, 30 Okl.Cr. 416, 236 P. 629 (1925) ; *State v. Skelton*, 36 Okl.Cr. 377, 254 P. 754 (1927) ; *City of Walters v. Ewing*, 42 Okl.Cr. 381, 276 P. 700 (1929) ; *State v. Hunt*, 43 Okl.Cr. 376, 279 P. 519 (1929) ; *State v. Force*, 53 Okl.Cr. 371, 12 P.2d 246 (1932) ; *State v. Barnett*, 60 Okl.Cr. 355, 69 P.2d 77 (1936) ; *State v. Sowards*, 64 Okl.Cr. 430, 82 P.2d 324 (1938) ; *State v. Sisler*, 71 Okl.Cr. 211, 110 P.2d 321 (1941) ; *State v. Gragg*, 71 Okl.Cr. 213, 110 P.2d 321 (1941) ; *State v. Gray*, 71 Okl.Cr. 309, 111 P.2d 514 (1941) ; *State v. Waldrep*, 80 Okl.Cr. 230, 158 P.2d 368 (1945) ; *State v. Moyers*, 86 Okl.Cr. 101, 189 P.2d 952 (1948) ; *State v. Harrington*, Okl.Cr., 296 P.2d 200 (1956) ; *State v. Harp*, Okl.Cr., 457 P.2d 800 (1969).

to preserve the question for review on appeal, the State must proceed to trial and may only appeal on a reserved question of law in the event the Appellees be acquitted or further prosecution barred, such as the sustaining of a demurrer to the indictment or information and final discharge of the Appellees as provided in 22 O.S.1971, § 508.

 In all future cases where the criminal prosecution has been dismissed by order of the court under the provisions of 22 O.S.1971, § 815, after the trial court has sustained a motion to suppress and dismissed on motion of the District Attorney for the reason that the State has no further evidence to present, such dismissal will not bar the refiling of a new information, but in the event the case be refiled it should not be re-assigned to the same judge who has previously ruled on the motion to suppress, and the judge to whom such case is assigned will not be bound by the prior ruling on the motion to suppress. If, after sustaining a motion to suppress, the court on motion of the District Attorney, dismisses such charge under the provisions of 22 O.S.1971, § 815, and the same be refiled as authorized under the provisions of 22 O.S.1971, § 817, and the defendant's motion be sustained and the State fails to proceed to trial, the State may not, for the second time [5] refile the information under the provisions of 22 O.S.1971, § 817, and this Court will entertain an application to prohibit such refiling.

For all of the above and foregoing reasons, we are of the opinion that the attempted appeal on a question of law reserved by the State should be, and the same is hereby, *dismissed,* with guidelines for all future cases. The Clerk of this Court is directed to issue the Mandate *forthwith.*

BRETT, P. J., and BLISS, J., concur.

---

5. We wish to make it abundantly clear that although the trial court is not required to dismiss an information on motion of the District Attorney, when the court enters an order of dismissal, stating the reason 'therefor, the State may thererafter refile only ONE time.