**STATE of Oklahoma ex rel. John G. LAN-NING, District Attorney, Washington County, State of Oklahoma, Appellant,**

**v.**

**John Marvin REINECKE, Appellee.**

**No. O–75–523.**

Court of Criminal Appeals of Oklahoma.

Dec. 18, 1975.

John G. Lanning, Dist. Atty., David W. Lee, Asst. Dist. Atty., for appellant.

Allan H. Stocker, Bartlesville, for appellee.

## OPINION

BUSSEY, Judge:

John Marvin Reinecke, hereinafter referred to as defendant, was charged in the District Court, Washington County, Case No. CRM–75–145, with the offense of Driving While Impaired. Counsel for defendant filed a motion to suppress evidence and a hearing was held thereon, at the conclusion of which, the District Court sustained said motion. Thereafter, the District Attorney filed a motion to dismiss for the reason there was insufficient evidence to further prosecute. The trial court, under the provisions of 22 O.S.1971, § 815, entered the following Order:

"Now, on this 12th day of May, 1975, this matter coming on for hearing on the motion of John G. Lanning, District Attorney in and for the Eleventh Judicial District, State of Oklahoma, evidence being presented and all premises considered;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED by this Court that said case be and is hereby dismissed without prejudice.

/s/ James H. Laughlin
————————————
Judge"

The State has attempted to appeal on a reserved question of law, and on the 17th day of November, 1975, the Appellant filed an application for leave to file additional authority and this Court entered an Order

granting until January 5, 1976 to file additional authority. In light of the decisions delivered this date, we are of the opinion that the Order heretofore issued extending the time to file additional authority until January 5, 1976, should be, and the same is hereby, vacated and set aside.

In the case of *State v. Robinson* (No. O–75–415), Okl.Cr., 544 P.2d 545, delivered this date, we held that in order to appeal from an Order sustaining a motion to suppress, the State must proceed to trial and if the defendant be acquitted, the State may then appeal on a reserved question of law. Such was not done in the instant case and the dismissal entered under the provisions of 22 O.S.1971, § 815, does not preclude the refiling of an information under the provisions of 22 O.S.1971, § 817.

For the reasons set forth in *State v. Robinson* supra, this attempted appeal is *dismissed* and the Clerk of this Court is directed to issue the Mandate *forthwith*.

BRETT, P. J., and BLISS, J., concur.