**Beaman James GOLDSBY Jr., Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–84–789.

Court of Criminal Appeals of Oklahoma.

May 20, 1986.

T. Hurley Jordan, Public Defender, William C. Devinney, Legal Intern, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Beaman James Goldsby Jr., appeals from his conviction in the District Court of Oklahoma County, Case No. CRF–84–1237, where, in accordance with the jury's verdict, he was sentenced to a term of five (5) years imprisonment for the crime of Robbery with Firearms.

On March 12, 1984, a preliminary hearing was held for the appellant before the Honorable Major Wilson, Special District Judge. At the hearing, the State presented only the testimony of one witness, Clifford Minster, the victim of the purported robbery. When Minster was unable to identify the appellant as one of the perpetrators, the State moved to dismiss. The motion was granted by the magistrate. Later that day, the State refiled the charge of Robbery with Firearms. The appellant moved to dismiss the refiling arguing that to refile, the State must present newly discovered evidence. Judge Wilson ordered the case dismissed.

The State then gave its notice of intent to appeal by Rule 6 procedure or by writ of prohibition to the Court of Criminal Appeals of Oklahoma.

On March 13, 1984, a hearing was held before the Honorable Joe Cannon, District Judge, on the preceding subject. The record reflects that the case was assigned to Judge Cannon by Judge Raymond Naifeh on oral motion by the State.

After hearing arguments of counsel, Judge Cannon overruled Judge Wilson's order of dismissal, and remanded the case for further preliminary hearing. Trial was held on May 14, 1984, in which defendant's motion to dismiss for lack of subject matter jurisdiction was overruled.

 The appellant alleges in his sole assignment of error, that the trial court lacked subject matter jurisdiction over this case because the State failed to follow the proper procedure for either refiling or perfecting an appeal of a dismissal under Section VI of the rules of this Court. We disagree.

This assignment of error is patently frivolous. The attempted dismissal of the refiled charge was not authorized by law. See, 22 O.S.1981, §§ 815 and 817. This Court has held in construing 22 O.S.1981, § 815 that an order dismissing a criminal action must set forth in the order the reason for the dismissal which must also be entered on the minutes. *State v. Robinson*, 544 P.2d 545, 548 (Okl.Cr.1975). In the instant case, the magistrate initially dismissed the charge upon the State's motion without prejudice. In attempting to dismiss the refiled charge the magistrate did not set forth in the order the reason for the dismissal or enter it on the minutes.

The attempt of the appellant to claim noncompliance with Rule 6 is inappropriate since the State is not required to appeal under Rule 6 a void order of the magistrate entered without authority of law purporting to dismiss a properly refiled criminal charge.

The appellant further contends that the Court of Criminal Appeals Rule 6.2 require-

ment of filing a written application of intent to appeal is not a notice requirement but is a jurisdictional prerequisite. In view of the above decision we do not find it necessary to address this issue.

Finding no error which warrants modification or reversal, the judgment and sentence appealed from is AFFIRMED.

BRETT, J., concurs.

PARKS, P.J., concurs in results.