## GEORGE SOLOMON v. THE STATE.

No. 1350. Decided April 13, 1898.

1. **Adultery—Acquittal of One Joint Defendant in, No Bar to Prosecution of the Other.**

On a joint trial for adultery, where, after all the testimony had closed, over objection of defendant the court instructed a verdict of not guilty as to only one defendant; Held, there was no error. The acquittal of one of the parties to adultery will not bar the prosecution and conviction of the other. Following Alonzo v. State, 15 Texas Criminal Appeals, 378.

2. **Same—Complaint by Husband of a Codefendant.**

On a trial for adultery, where it was insisted, on motion for new trial, that the proceedings were void because the complaint was signed by the husband of one of the parties charged; Held, there being nothing in the record or the face of the complaint to show that the complainant was the husband of one of the defendants, save that his surname was the same, such objection was not maintainable.

APPEAL from the County Court of McLennan. Tried below before Hon. J. N. GALLAGHER, County Judge.

Appeal from a conviction for adultery; penalty, a fine of $100.

The information charged Patience Stockman and George Solomon, the appellant, with "habitual carnal intercourse without living together, the said Patience Stockman being then and there lawfully married to another person than the said George Solomon, then living," etc.

There is no statement of facts in the record.

No briefs on file for appellant.

*W. W. Walling* and *Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of adultery, and his punishment assessed at a fine of $100, and appeals.

Appellant's first bill of exception recites that after the State had introduced testimony and rested, and the defendant introduced all his testimony and closed his case, counsel for the State asked permission to dismiss the case against Patience Stockman. Appellant objected because jeopardy had attached as to said Patience Stockman. The court thereupon instructed the jury to return a verdict of not guilty as to the said Patience Stockman. This action of the court was objected to because the court was not authorized to instruct a verdict of not guilty as to one of the parties to the adultery, without also instructing a verdict of not guilty as to the other. There was no error committed by the court. The acquittal of one of the parties to the adultery will not bar the prosecution and conviction of the other. Alonzo v. State, 15 Texas Crim. App., 378. Why the State's attorney desired to dismiss the prosecution against Patience Stockman is not shown or stated in the record. If it was intended to use her as a witness against the defendant, such dismissal was proper, with permission of the court; and under such circumstances, jeopardy having attached, it would be immaterial that the court instructed the verdict of not guilty.. She could not, in any event, have been further prosecuted. The record does not contain a statement of the facts.

It is contended in the motion for a new trial that the proceedings were null and void because the complaint appears upon its face to be signed by the husband of Patience Stockman, one of the parties to the adultery as charged in the information and complaint. The complaint was signed by Henry Stockman, but there is nothing on the face of it to show that Henry Stockman was the husband of Patience Stockman. As before stated, the evidence is not before us, and we have no informtion that Henry Stockman was the husband of Patience Stockman. As presented by this record, we find no error, and the judgment is affirmed.

*Affirmed.*