## BEN DEW v. STATE.

No. A-2286.   Opinion Filed July 1, 1915.

1.   **RECORDS—Indictment and Information—Transfers—Compliance With Statute.**   The statute provides that in the transfer of indictments for misdemeanor from district courts to inferior courts having jurisdiction of the offense charged, the clerk of the district court shall deliver the indictment, together with all the papers relating to each case to the proper court or justice, as directed in the order of transfer, and shall accompany each case with a certified copy of all the proceedings taken therein in the district court, and also with a bill of the costs that have accrued therein in the district court.   (Section 5552, Rev. Laws 1910.)   **Held,** that as the statute prescribes no particular form of certificate to such transfer, a substantial compliance with its provisions is all that is required in such proceedings.

2.   **SAME.**   The original indictment and its indorsements constitute a necessary part of the record, and whatever is properly shown by them is considered as shown by the record.

3.   **INDICTMENT AND INFORMATION—Validity—Motion to Quash.**   The authenticity of an indictment should be raised by motion to quash and set aside, or by plea in abatement, in the trial court.

4.   **APPEAL—Exceptions in Lower Court—Record.**   Only those questions can be considered on appeal, unless jurisdictional, which were raised in the trial court on exceptions taken, and unless incorporated in the motion for a new trial, will not be considered on appeal.

5.   **INTOXICATING LIQUORS—Possession—Evidence.**   In a prosecution for unlawful possession of intoxicating liquors, the evidence considered and held sufficient to sustain the verdict and that no reversible error was committed on the trial.

(Syllabus by the Court.)

*Appeal from County Court, Tulsa County;*
*Conn Linn, Judge.*

Ben Dew, convicted of a violation of the prohibitory law, appeals.   Affirmed.

*Prentice & Elliott,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J.    Ben Dew, plaintiff in error, was prosecuted by indictment returned by the grand jury into the district court of Tulsa county and transferred to the county court of said county, wherein it was charged that on the 2nd day of December, 1913, Ben Dew did unlawfully have in his possession one hundred eight quarts of whisky, one hundred twelve quarts of gin, and one hundred fifty pints of beer, with intent then and there to sell, barter, give away and otherwise furnish the same in violation of the prohibitory liquor law.    Upon his trial the jury found him guilty and fixed the punishment at a fine of five hundred dollars and confinement in the county jail for a period of four months.

From the judgment rendered on the verdict, he appealed, by filing in this court on June 2, 1914 a petition in error with case-made.

The evidence for the state was substantially as follows:

Edward Yoder, chief of police of the city of Tulsa, testified that, accompanied by Henry Saunders, he went to the Boston drug store about the 2nd of December, and there found one hundred eighteen quarts of whisky, fifty or sixty quarts of gin and one hundred fifty bottles of beer; that he knew the reputation of the Boston drug store at that time as to being a place where intoxicating liquors were sold, and that reputation was that intoxicating liquors were sold there.    Did not see the defendant there that night, but saw him there later back of a desk in the front part of the store room.

Henry Sanders testified as to finding the liquors, and that in the rear of the building there was a bar and fixtures, including an ice cooler, ice chest and beer and whisky bottles; that he knew the general reputation of the Boston drug store at that time as to being a place where intoxicating liquors were sold; that it had the reputation of being that kind of place. That he had seen the defendant there at different times, both in front of and behind the counter; saw him there just before and after the raid.

John O. Mitchell testified that he was the owner of the building occupied by the Boston drug store and had a transac-

tion with Ben Dew, the defendant, with reference to the build-
ing, in August or September last; that Ben Dew asked him if
he would rent it to him for a drug store; that they finally agreed
verbally, and the defendant took possession of the building about
October 1st, and paid one month's rent; that after that his book-
keeper collected the rent; that a part of the fixtures in the drug
store belonged to witness; that there is a man named Alsop in
there now, but witness never had any agreement with Alsop
about the rent.

J. C. Hall testified that he attended to the collection of rents
for John O. Mitchell; that Ben Dew paid the rent for October,
and a man named Alsop paid the rent since that time; that
he did not know what arrangements the defendant had with
Alsop; that he carried the rental account on his books in the
name of the Boston Drug Co., and Ben Dew never notified him
that there had been any change made in the firm.

This was all the evidence in the case. The defendant did
not testify.

On arraignment the defendant filed the following plea:

"Comes the defendant, Ben Dew, and pleads to the juris-
diction of this court and for said plea states that this court has
no jurisdiction to hear and determine this alleged cause for the
following reasons:

"First: That the purported transcript accompanying the
indictment in this case does not show that the orders embraced in
said transcript were ever lodged with, or filed in the minutes of,
the district court of Tulsa county, Oklahoma.

"Second: That the order embraced in said transcript pur-
ported to have been made by L. M. Poe, judge, does not show
of what he was judge and does not show that the said order
was ever filed or lodged in the minutes of the clerk's office of
any court.

"Third: For the reason that the order which purported to
have been made by L. M. Poe, judge, does not show the name
of this defendant, or any crime he is charged with committing,
or from what court the numbered case attempted to be trans-
ferred to the county court are sent.

"Fourth. It does not appear in said purported order signed
by L. M. Poe, judge, whether or not this case was one of the
cases that was attempted to be transferred to this court.

"Fifth. That it does not appear from the purported certificate made by the clerk of the district court of what record the transcript to which it is attached is a copy, or whether said record is in the district court, superior court, or elsewhere, and it is not shown by the clerk's certificate that it is a transcript of all the proceedings had in said case in said district court.

"Wherefore this defendant claims that this court has no jurisdiction to proceed to trial upon this indictment, and asks that the same be dismissed and the proceedings quashed."

The overruling of this so-called plea to the jurisdiction of the court is assigned as error. The transcript shows that the grand jury was convened upon the order of the judge of said district court at the November, 1910, term of the court, and the proceedings of empaneling the grand jury, and that "the following among other proceedings were had, to wit:

"Whereupon the grand jury returns into open court, and all are present, and the foreman of the grand jury in the presence of the grand jury, presents the following true bills, eighteen in number, which are duly filed by the clerk in open court in the presence of the grand jury and numbered 985 to 1002 inclusive.

"Order.

"It appearing to the court that a number of true bills have been returned in number and numbered 964 to 1002 inclusive, as the indictment numbers thereon; and it further appearing to the court that said above numbered indictments have been found and returned on misdemeanors as charged therein.

"It is therefore ordered that said indictments numbered 973 to 993 inclusive be transferred to the county court of Tulsa county, Oklahoma, together with a certified copy of all the proceedings herein. It is so ordered.

"L. M. Poe, *Judge.*"

Attached to the indictment is the following certificate:

"State of Oklahoma, Plaintiff

vs.                    Criminal No. 988.

"Ben Dew, Defendant.

10

"12-17-13   Filing indictment entering indictment 45_____   .55
12-19-13   Entering order transferring_____   .30

| | | |
|---|---|---|
| 12-19-13 | Making transcript _____ | 1.25 |
| 12-19-13 | D. I. T. _____ | 2.00 |
| | Total_____ | 4.10 |

"I, W. W. Stuckey, clerk of the district court, in and for Tulsa county, Oklahoma, do hereby certify that the above and foregoing is a full, true and correct transcript of record, together with the original indictment, and bill of costs in the above numbered criminal case.

"In witness whereof, I have hereunto subscribed and caused the seal of said court to be affixed this 19th day of December, 1913.                              "W. W. STUCKEY,
                              "Clerk of the district court.
                              "J. H. LOSWELL, Deputy."

Under the provisions of our criminal code it is not the duty of the clerk to make an entry upon the minutes or journal of the court of the return of an indictment. It is the clerk's duty to note on the indictment that it was presented in open court by the foreman of the grand jury, in their presence, to the court, and to file it, and when so filed the original indictment with all its endorsements becomes a part of the record of the case and whatever is properly shown by the caption and the indorsement is considered as shown by the record. *Jolly v. State,* 5 Okla. Cr. 301.

The statute provides that in the transfer of indictments for misdemeanors from district courts to inferior courts having jurisdiction of the offense charged, the clerk of the district court shall deliver the indictment, together with all the papers relating to each case to the proper court or justice as directed in the order of transfer, and shall accompany each case with a certified copy of all the proceedings taken therein in the district court, and also with a bill of the costs that have accrued therein in the district court. Section 5552, Rev. Laws 1910.

The record discloses that the transfer of said indictment from the district court to the county court was made in substantial compliance with the requirements of the statute. *Taylor v. State,* 5 Okla. Cr. 183, 114 Pac. 628.

In *Hunter v. State,* 8 Okla. Cr. 505, 129 Pac. 440, it is said:

"Courts are established to preserve the pure administration of justice, and to secure substantial, and not mere technical rights. Yet it would seem that there is a tendency, manifest in a few of the courts of inferior jurisdiction in this state, to set aside and hold for naught indictments transferred to them from the district courts on motions and pleas that do not set forth any statutory ground for setting aside an indictment. No indictment should be set aside by an inferior court on the grounds of technical errors, informalities, or irregularities in the proceedings had in the district court returning said indictment and in transferring the same to the trial court."

The identical question here presented was determined adversely to the defendant's contention in the case of *Miles et al. v. State,* 11 Okla. Cr. 477, wherein it was held:

"That as the statute prescribes no particular form of certificate to such transfer a substantial compliance with its provisions is all that is required in such proceedings."

The record shows that the indictment was returned into the district court of Tulsa county, presented in open court by the foreman of the grand jury, in the presence of the grand jury and duly filed by the clerk. It is signed: "Pat Malloy, county attorney," indorsed, "A true bill," W. H. Hendren, foreman of the grand jury. It follows that the plea to the jurisdiction was properly overruled.

The next assignment is, "the court erred in requiring plaintiff in error to go to trial when the names of the witnesses examined before the grand jury did not appear on some part of the indictment as provided by law, and in permitting witnesses to testify against the defendant when the names of such witnesses were not indorsed on the indictment."

Our Procedure Criminal provides:

"When an indictment is found, the names of the witnesses examined before the grand jury must be indorsed thereon before the same is presented to the court; but a failure to so indorse the said names shall not be sufficient reason for setting aside the indictment, if the county attorney or prosecuting offi-

cer will, within a reasonable time, to be fixed by the court, indorse the names of the witnesses for the prosecution on the indictment." (Section 5733, Rev. Laws 1910.)

It further provides that the indictment must be set aside by the court, "when the names of the witnesses examined before the grand jury are not made to appear on some part of the indictment." (Section 5780, Rev. Laws 1910.)

It appears from the record that no motion to quash or set aside the indictment was filed in this case; that no objection was made to the witnesses testifying and no question was raised on this point in the motion for a new trial. It follows that the assignment presents no questions for review by this court.

The next assignment is that the court erred in overruling plaintiff in error's demurrer to the evidence, and motion to direct a verdict of not guilty.

His counsel contend that, "there is nothing in the evidence to connect Ben Dew with being in possession of the building known as the Boston drug store on December 2, 1913, and there is nothing in the evidence that Ben Dew ever had anything to do with the drug store or joint known as the Boston drug store for more than one month."

It is undisputed that the defendant leased this property from the owner and went into possession in the month of September. The question as to whether or not he assigned or transferred his lease was a question of fact for the jury to determine. Under the common law a tenant could sub-lease without restraint, but under our statute this cannot be done. It reads as follows:

"No tenant for a term not exceeding two years, or at will, or by sufferance, shall assign or transfer his term or interest, or any part thereof, to another, without the written assent of the landlord or person holding under him." (Section 3793, Rev. Laws 1910.)

After a careful examination of the evidence in the case, we are not prepared to say that the jury were not warranted in finding the verdict returned by them. While the jury might

have had a reasonable doubt, they might also regard the testimony as sufficient to exclude every reasonable doubt of the defendant's guilt. We see no reason to doubt that the conviction of the defendant was right. The judgment herein is therefore affirmed.

FURMAN and ARMSTRONG, JJ., concur.