## ZACHARIAH SIGNS v. STATE.

No. A-6210.   Opinion Filed Nov. 27, 1926.
(250 Pac. 938.)

W. L. Houts and Robert L. Hadwiger, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court

of Woods county on a charge of incest and sentenced to serve a term of eight years in the state penitentiary.

The record discloses that defendant, a married man, lived at a section house on the branch line of the Santa Fe railroad near Fair Valley, in Woods county, and worked as a section hand. His wife was an inmate of an insane asylum; the prosecuting witness was his daughter who, at the time, was of the age of 13 years. The charge is based on section 1866, Comp. Stat. 1921, which reads:

"Persons who, being within the degrees of consanguinity within which marriages are by the laws of the state declared incestuous and void, intermarry with each other, or commit adultery or fornication with each other, are punishable by imprisonment in the penitentiary not exceeding ten years."

The defendant being without means, the court appointed counsel. The case was called for trial on October 23, at which time counsel filed an affidavit setting out that he believed defendant insane and not in a mental condition to make defense. The court, thereupon called a jury for a trial on the sanity of defendant, under the provisions of sections 2866, 2867, 2868, 2871, and 2872, Comp. Stat. 1921. This jury was unable to reach a verdict and was discharged on October 24. By agreement of counsel, the case was continued until February 8, when the case was again called for trial; no further suggestion of insanity was made; the trial resulted in verdict and sentence, as stated. After verdict, defendant filed a motion for a new trial on the grounds that the court erred in its decision of questions of law arising at the trial; that the verdict is contrary to the law and is not supported by the evidence.

Several assignments of error are presented in the

briefs which are not properly preserved for consideration for the reason that they were not set up in the motion for a new trial. None of these assignments contain any fundamental error and are waived by failure to present to the trial court in the motion for new trial. The prosecuting witness testified to two acts of intercourse accomplished by defendant by persuasion or commands. At the conclusion of the state's testimony, defendant moved for the court to require the state to elect upon which act it would rely, which was overruled. This was error, but the county attorney, on his own volition, elected one of the acts and so stated in open court, and the instructions of the court were then directed to this particular act. This was sufficient under the rule announced in the cases of Smith v. State, 20 Okla. Cr. 123, 201 P. 663, Pope v. State, 24 Okla. Cr. 213, 217 P. 498, and Cooper v. State, 31 Okla. Cr. 165, 237 P. 867.

Under the contention that the evidence is not sufficient to support the verdict, it is argued that there was no proof of penetration sufficient to constitute incest. It is the contention that there must be a complete act of coition to prove incest. The evidence of two physicians who examined the genital organs of the prosecutrix was that the hymen had not been ruptured, and there had been no laceration, and that, while a rupture of the hymen was not a determining factor, yet, owing to the age and development of prosecutrix, if she had had intercourse it must necessarily have been in the external part of the genital organ. The testimony of the prosecutrix was positive; in addition, there was evidence of two or more persons to whom the defendant admitted his guilt. This evidence was for the jury and, upon this point, is sufficient to sustain the verdict. One purpose of the statute is to promote domestic peace and social purity, so, by the great

weight of authority, proof of penetration without proof of emission is sufficient. 14 R. C. L. p. 31, § 2; State v. Judd, 132 Iowa, 296, 109 N. W. 892, 11 Ann. Cas. 91; State v. Hamey, 168 Mo. 167, 67 S. W. 620, 57 L. R. A. 846; 31 C. J. 375, 376.

Counsel for defendant- contend that, in order to make proof of the statutory crime of incest, the assent of both parties must be proved. That where one of the parties, as here, is incapable by reason of nonage of giving consent, the crime is rape and not incest. There are some authorities that support this view. De Groat v. People, 39 Mich. 124; State v. Jarvis, 20 Or. 437, 26 P. 302, 23 Am. St. Rep. 141; State v. Thomas, 53 Iowa, 214, 4 N. W. 908. The latter case apparently has been overruled by later decisions of that state. The general rule, however, is to the contrary.

14 R. C. L. p. 34, § 5, reads:

"In some jurisdictions, it seems that the crime is constituted of a joint act to which both participants must consent, and that evidence of violence committed on the prosecutrix makes the offense rape and not incest. But the better view is that every element of the crime of incest may exist as against one party to the act, though he did it by force or fraud, or otherwise, without the consent of the other party."

See, also, 31 C. J. p. 378, § 15; State v. Chambers, 87 Iowa, 1, 53 N. W. 1090, 43 Am. St. Rep. 349; State v. Hurd, 101 Iowa, 391, 70 N. W. 613; State v. Judd, supra; State v. Nugent, 20 Wash. 522, 56 P. 25, 72 Am. St. Rep. 133; Bishop on Statutory Crimes (3d Ed.) § 660.

Section 1866 of our statute, supra, defines incest under three different conditions: First. Where parties within the prohibited degree of kinship intermarry. Second. Where they commit adultery with each other. Third. Where they commit fornification with each other.

The first does not apply, and, since our statute defines fornication as sexual intercourse between two persons, neither of whom is married, the third condition does not apply. The incest charged, if proved, must fall under the second condition; i. e., where the parties commit adultery with each other.

Our statute, section 1852, defines adultery as:

"Adultery is the unlawful voluntary sexual intercourse of a married person with one of the opposite sex. * * *"

Adultery, under the definition here given, is an act of sexual intercourse by a married person with one of the opposite sex, not intercourse between persons of the opposite sex, one of whom, at least, is married. Adultery, as thus defined, does not require that the act shall be voluntary as to each of the parties. This court, in the case of Woody v. State, 10 Okla. Cr. 322, 136 P. 430, 49 L. R. A. (N. S.) 479, in discussing the crime of adultery, said:

"Again, it is true that to constitute adultery there must be a joint physical act, but it is not necessary that there should be a joint criminal intent. The bodies must concur in the act, but the minds may not; one may be guilty and the other innocent. A few illustrations will demonstrate this conclusively; namely, if A., being a married man, should have sexual intercourse with B., a single woman, who was so drunk or demented as to be unable to give her consent, such woman could not be convicted, but A. may be prosecuted and convicted either for adultery or rape. Or. if A., being a married man, should marry B., a single woman, who had no knowledge of A.'s previous marriage, B. would not be guilty of any offense, but A. might be prosecuted and convicted either for bigamy or adultery. The following cases support the conclusion at which we have arrived: State v. Ellis, 74 Mo. 385, 41 Am. Rep. 321; State v. Caldwell, 8 Baxt. (Tenn.) 576; Alonzo v.

State, 15 Tex. App., 378, 49 Am. Rep. 207; Watson v. State, 13 Tex. App. 76; State v. Sanders, 30 Iowa, 582; State v. Donovan, 61 Iowa, 278, 16 N. W. 130; Commonwealth v. Bakeman, 131 Mass. 577, 41 Am. Rep. 248; State v. Eggleston, 45 Or. 346, 77 P. 738; State v. Carrol [Carroll], 30 S. C. 85, 8 S. E. 433, 14 Am. Rep. 883; Solomon v. State, 39 Tex. Cr. R. 140, 45 S. W. 706.

"Mr. Wharton says: 'One defendant may be acquitted without involving the acquittal of the other.'

"Mr. Bishop says: 'As every offense to be punishable. must be voluntary, so in particular must be adultery. But alike in adultery, and it is believed in fornication and incest, where the crime consists of one's unlawful carnal knowledge of another, it is immaterial whether the others participated under circumstances to incur guilt or not, just as sodomy may be committed with a responsible human being, or an irresponsible one, or a beast. Therefore the same act of penetrating a woman, who, for example, is too drunk to give consent, may be prosecuted either as a rape, or as adultery, at the election of the prosecuting power. There are cases which deny this and hold that adultery, fornication, and incest can be committed only with consenting persons, and what is rape cannot be one of the others. But they are believed to proceed partly, and perhaps entirely, on special terms of statutes. Certainly, in principle, they can have no other just foundation.' Bish. Stat. Crimes, § 660."

We therefore hold that incest is proved, although the female was incapable of and did not give her consent or voluntarily participate in the act of intercourse, even though the state might have elected to prosecute for rape and the evidence might have been sufficient to prove that crime.

The most serious contention is that the court erred in not determining the sanity of the defendant before proceeding with the trial on February 8. Sections 2867, 2868, Comp. Stat. 1921, are as follows:

"2867. When an indictment or information is called for trial, or upon conviction the defendant is brought up for judgment, if a doubt arise as to the sanity of the defendant, the court must order a jury to be impaneled from the jurors summoned and returned for the term, or who may be summoned by direction of the court, to inquire into the fact.

"2868. The trial of the cause or the pronouncing the judgment, as the case may be, must be suspended until the question of insanity is determined by the verdict of the jury."

When, under these sections, a question of the sanity of the defendant was brought to the attention of the court and doubt arose, it was the duty of the court to impanel the jury and determine the question of sanity. Reed v. State, 23 Okla. Cr. 56, 212 P. 441.

The court properly impaneled a jury, which failed to agree and was discharged. Then, without determining the question, the court put the defendant on trial, which proceeding, we think, was contrary to the express terms of section 2868, supra. It is true that counsel for defendant anounced ready for trial and did not further request that the question of the present sanity be submitted to the jury. Counsel for defendant could not waive this question.

In the case of Marshall v. Ter., 2 Okla. Cr. 136, 101 P. 139, where, quoting from the case of People v. Ah Ying, 42 Cal. 18, it was said:

"No plea of present insanity is required. If, at any time during the proceedings in a criminal trial, a doubt arises as to the sanity of the defendant, it is the duty of the court of its own motion to suspend further proceedings in the case until the question of sanity has been determined. * * * Counsel for defendant cannot waive an inquiry as to the question of the sanity of a defendant. * * *"

Doubt once having arisen in the mind of the court, it was necessary that the question of sanity be determined. The failure to so determine this question before proceeding with the trial is reversible error.

The case is reversed and remanded.

The warden of the penitentiary is directed to deliver the defendant into the custody of the sheriff of Woods county, who will hold him in custody subject to further proceedings, according to law.

BESSEY, P. J., and DOYLE, J., concur.