# JIM GIVES WATER v. STATE.

No. A-6535.   Opinion Filed March 30, 1929.
(275 Pac. 659.)

Johnson & Stith, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Kay county on a charge of assault and battery, and his punishment fixed at confinement in the county jail for a period of 30 days.

Two assignments of error are argued:   First, that the court committed error in permitting the state on cross-examination to ask defendant relative to convictions in the police court at Ponca City and in reference to his having attempted to prevent the attendance of witnesses to testify against him.   The court erred in permitting the examination as to defendant having been convicted of violations of a city ordinance in the police court of the length shown by the record.   However, no objection was made on the ground of its incompetency.   The objection was made that the questions of fines in the police court assumed a fact not in evidence,

and that defendant had not been questioned about his reputation. Upon this being overruled, defendant's counsel said: "Let them prove that he was convicted." This is a withdrawal of the objection made. We find no exceptions to the rulings of the court on these questions.

The other contention is that the court erred in instruction 5½. The court in this instruction evidently was attempting to tell the jury that the evidence and argument of counsel upon any issue except the guilt of the defendant should not be considered by them. This instruction is so badly worded, however, that it is capable of being construed as expressing the opinion of the court of the guilt of defendant. The instruction was excepted to at the time given, but the error in giving it was not assigned in the motion for a new trial. It first appears in the petition in error. The error is not fundamental. It is settled by many decisions of this court that, where the error complained of is not presented to the trial court in the motion for a new trial, unless fundamental, it will not be reviewed in this court. Dew v. State, 11 Okla. Cr. 581, 149 P. 917; Signs v. State, 35 Okla. Cr. 340, 250 P. 938; Brashears et al. v. State, 38 Okla. Cr. 175, 259 P. 665.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.