## ED ELLIS v. STATE.

No. A-8019.  Opinion Filed Aug. 15, 1931.
(2 Pac. [2d] 282.)

Hal Welch, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Choctaw county of having the unlawful possession of intoxicating liquor, and was sentenced to pay a fine of $50, and to serve 30 days in the county jail.

An examination of the record discloses that the evidence sufficiently sustains the judgment. A statement of facts is deemed unnecessary.

It is urged at length that the court erred in overruling defendant's motion to dismiss the prosecution for the reason that defendant was not brought to trial at the next term of court after which the information was triable, as required by section 2913, Comp. St. 1921. The information was filed at the October, 1929, term of court. Defendant was arraigned on January 6, 1930, was enlarged on bail, and was not tried until June, 1930. The record recites that, when he entered a plea of not guilty, he demanded an immediate jury trial, and the court ordered the case continued until the April term. No jury term of the county court was held after the October term until the April term following, at which defendant was tried.

Conceding for the purpose of this case that defendant was entitled to a dismissal for failure to accord him a speedy trial, yet such failure is not jurisdictional. The ruling of the trial court on defendant's motion was not assigned as error in the motion for a new trial. This was necessary in order to preserve the question for this court. Dew v. State, 11 Okla. Cr. 581, 149 Pac. 917; Signs v. State, 35 Okla. Cr. 340, 250 Pac. 938; Brashears et al. v. State, 38 Okla. Cr. 175, 259 Pac. 665.

Some complaint is made to the instructions of the court. The instructions considered as a whole correctly

state the law applicable as favorably to defendant as the evidence warrants.

No error requiring a reversal having been made to appear, the case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.