## HENRY COOK SALISBURY v. STATE.

No. A-10341.   Feb. 14, 1945.

(156 P. 2d 149.)

14

Robert Burns, of Oklahoma City, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, J. An information was filed in the district court of Oklahoma county, on January 21, 1942, charging

the defendant, Henry Cook Salisbury, alias Henry Williams, with the crime of robbery with firearms after former conviction of a felony. The defendant was tried, convicted, and sentenced to serve ten years in the State Penitentiary, and has appealed.

The proof of the state showed that the defendant and his brother, T. W. Salisbury, went to a room in the Biltmore Hotel in Oklahoma City, about 1:30 a. m., October 1, 1941. They had previously made arrangements to meet three other men at this room for the purpose of having a poker game. After defendant and his brother entered the room, they each pulled an automatic pistol, held up and robbed the three men with whom they were supposed to play the poker, taking $290 and a diamond ring valued at $300 from one man, $137 from another man, and $37 from the third. The three men who were robbed were gagged and their hands and feet were tightly taped with adhesive tape. They released themselves in a few minutes after the defendant and his brother had fled and notified the manager of the hotel and the policemen of what had occurred.

T. W. Salisbury was arrested at his home two days later, but the defendant was not arrested until the night of October 16th, in Houston, Tex., after a chase by officers of the Houston Police Department. The policemen of Oklahoma City had obtained information that the defendant was in Houston and they sent a warrant for his arrest to the Houston officers. When the officers started chasing the defendant, he commenced driving about 70 miles an hour and it was only after he had crashed into a post going at that speed that the officers were able to overtake him. In the center of the street where the defendant's car crashed into the post, the officers found an

automatic pistol similar to the one used by defendant in the alleged robbery. The gun was loaded.

On behalf of the defendant, it was contended that the defendant had known the McKelvey brothers, who were allegedly robbed, for several months. That he had met them in a gambling house in Missouri. That the McKelveys carried insurance against robbery and it was agreed between the defendant and the McKelveys that the defendant would stage a fake holdup of the McKelveys, that the McKelveys would make application to the insurance company for payment of a fictitious loss which they had sustained, and that the money obtained from the insurance company would be divided among the parties to the frame-up. The defendant admitted that he and his brother taped the three men in the hotel and did everything that should have been done to give it the appearance of a real hold-up, so that the McKelveys would be able to secure payment of their insurance. That Lloyd McKelvey gave him $100 while he was in the hotel room with them. That he did not take any money from any of the parties, and that all of them were laughing and in a good humor while they were being tied. The defendant denied that he had any pistol at any time.

As a part of the state's case, counsel for defendant stipulated that defendant had been convicted in Oklahoma City of the crime of grand larceny in 1934, as alleged in the information. In addition to this conviction, the defendant admitted in cross-examination that he had been convicted of felonious assault in Kansas City, Mo., and had been convicted of grand larceny in Texas.

It is first insisted that the information is fatally defective and insufficient to confer jurisdiction on the court.

No demurrer or attack on the information was ever made and this assignment of error was not presented in the motion for new trial nor in the petition in error attached to the case-made filed in this court. Under such circumstances, the alleged error would be considered waived. The only exception would be where the information wholly fails to state any facts which would constitute a public offense amounting to a felony, so as to confer jurisdiction on a district court to try the accused.

In justice to the attorney who has briefed the case on behalf of the defendant in this court, it should be stated that he was not the attorney who represented the defendant at his trial nor did he make the record on the motion for new trial nor prepare the petition in error filed in this court.

We have examined the information. It is regular in every way and in conformity with the holdings of this court sustaining the validity of informations filed in robbery cases. The information is styled "Robbery with fire arms after former conviction of felony." The allegation with reference to the robbery is sufficiently clear and distinct so as to comply with all the essentials necessary in alleging a violation of the statute. 21 O. S. 1941 § 801.

It is in connection with the allegation of the second offense that the argument of the defendant is based. This part of the information has all of the essential allegations in it necessary to show a prior conviction. It does have one misstatement, however, in which it states: "and the said offense of robbery with fire arms being punishable by imprisonment in the State Penitentiary for a term not less than 15 years." Under the statute, 21 O. S. 1941 § 801, supra, the punishment for robbery with firearms may be as low as five years in the State Penitentiary.

18

In the case of Spann v. State, 69 Okla. Cr. 369, 103 P. 2d 389, 390, it is stated:

"Habitual criminal statute, Penal Code, Art. 6, Sections 1817 and 1818, O. S. 1931, 21 Okla. St. Ann. §§ 51 and 52, does not create or define a new or independent crime, but describes circumstances wherein one found guilty of a specific crime may be more severely penalized because of his previous conviction, as alleged and found. 'Habitual criminality' is a state and not a crime."

It is true as argued by counsel for defendant that there is no such crime as that of being "a habitual criminal." However, after alleging the violation of the robbery with firearms statute, the information in the instant case alleges the fact of a prior conviction for a felony, by reason of which fact, the jury might, if they find the defendant guilty of the crime of robbery and further find that he had formerly been convicted of a felony, more severely penalize the accused than they would have been authorized to have done if he had not sustained the former conviction.

In the case of Ex parte Burnett, 78 Okla. Cr. 147, 145 P. 2d 441, it is stated:

"The true test of the sufficiency of an information is not whether it might possibly have been made more certain, but whether it alleges every element of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet."

It is further contended that the defendant was denied a fair trial by reason of the inflammatory and prejudicial argument of the assistant county attorney. All of the argument of the assistant county attorney is included in the record. The argument complained of is directed to the statement of the prosecutor wherein he referred to the various names under which the accused had been ar-

rested in many other places and of his conviction at those places. However, this argument was legitimate as the defendant on cross-examination admitted without any objection being interposed by his counsel that he had gone under an alias at other places and admitted the convictions as stated in the foregoing part of this opinion. The prosecutor is entitled to make an argument based upon his reasonable deductions from the bad record of former convictions admittedly sustained by the defendant.

It is next contended that the court erred in permitting the introduction of the minutes of the court proceeding in the district court of Oklahoma county to show the prior conviction of the defendant on the charge of grand larceny.

At the time this instrument was identified and offered in evidence, the deputy court clerk of Oklahoma county was on the witness stand. The information charging the defendant with the crime of grand larceny, which was the basis for the allegation of the prior conviction in the information, had been identified and introduced in evidence. The minutes showing the conviction of the defendant were then identified and offered in evidence to which counsel for defendant stated at the time that they were offered, "No objection." Counsel for the state then proceeded to further show the proof of the prior conviction and identifying the defendant as being the person named in the information in the former case when counsel for defendant interrupted to state:

"Mr. James: If the court please, in order to facilitate matters, if it is a matter of proof of his prior conviction, I will admit the judgment and sentence and admit the prior conviction. The Court: And you admit the identity of parties? Mr. James: Yes. The Court: He being the same as Henry Williams. Mr. James: Yes."

With these admissions in the record, counsel cannot now assert that there is no proof to show a former conviction of the defendant.

Lastly, it is contended that the evidence is insufficient to sustain the conviction. We are impressed with some of the argument presented by counsel for defendant, especially that part which argues that the defendant under the evidence of the state was friendly to the persons who allegedly had been robbed. That he was unmasked at the time of the alleged robbery, coupled with the fact that the persons who were robbed did apply for and were paid insurance money to reimburse them for most of their alleged loss. However, even though we might have been impressed with this testimony of the defendant, if we had been on the jury, yet, the testimony of the state was wholly contradictory to that of the defendant, and if believed by the jury, showed a clear case of robbery. Under such a state of the record, it is not within the province of this court to interfere with the finding of the jury. Only the minimum term of 10 years' imprisonment was assessed. The crime of robbery with firearms is punishable by death or by imprisonment in the State Penitentiary for any period of time not less than 5 years. 21 O. S. 1941 § 801, supra. When this statute is considered in connection with the habitual criminal statute, 21 O. S. 1941 §§ 51 and 52, it is seen that the minimum punishment that the jury could assess in the instant case was a term of ten years in the State Penitentiary, and they were so advised by the court in its instructions.

There were no exceptions saved to any of the instructions given by the court, and, after a careful consideration of the entire record, we have found no fundamental error

which would require a reversal of the judgment of conviction.

The judgment of the district court of Oklahoma county is accordingly affirmed.

BAREFOOT, P. J., concurs. DOYLE, J., not participating.