In the Matter of the Habeas Corpus of
Harold D. HEARD, Petitioner,

v.

R. R. RAINES, Warden, Oklahoma State
Penitentiary, Respondent.

No. A–12998.

Court of Criminal Appeals of Oklahoma.

Feb. 15, 1961.

Harold D. Heard, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

PER CURIAM.

The petitioner filed herein a petition asking for his release from the Oklahoma State Penitentiary. The petition is unverified and does not have attached thereto a copy of the judgment and sentence upon which petitioner was confined.

Petition alleges in his application for release that he was sentenced to ten years in the Oklahoma State Penitentiary at the January term of Court 1958 held in Oklahoma County, Oklahoma. That said sentence was the result of the charge of burglary 2nd degree, second and subsequent offense.

Petitioner first contends that said sentence is excessive and further alleges that he was denied a fair and impartial trial. Petitioner bases his allegation of an unfair trial upon the fact that he was charged conjointly with two other defendants who received less punishment than did the petitioner; one received seven years, the other three. Petitioner contends this showed prejudice toward him during the trial and therefore he was denied a fair and impartial trial to which he was entitled.

The attorney general filed a response to said petition in substance stating that petitioner did not state any allegation sufficient to grant relief by habeas corpus. With this the Court agrees. It is quite evident that the court had jurisdiction of the person, of the subject matter and a right under the law to pronounce such a sentence. This court will only consider such matters on habeas corpus as question the jurisdiction of the Court. See In re Scearce, 336 P.2d 1110. Even though allegations of the petitioner were true they are matters that should have been considered on appeal and not by way of habeas corpus. This court is consistent in its rulings that a habeas corpus may not be used as a substitute for an appeal. A close review of the petition indicates that petitioner is merely contending that his punishment was excessive and should be modified. This court is not permitted to consider modification upon application by habeas corpus, but only on appeal. The rule was stated in the case of Bow v. Raines, Okl.Cr., 353 P.2d 145, 146, wherein the Court said:

"Power of Court of Criminal Appeals to modify a sentence is limited to appealed cases and cannot be exercised in an original habeas corpus proceeding."

In line with the above and foregoing reasons and the authorities herein cited, the writ is denied.