Audie A. DENTIS, Petitioner,

v.

Ray PAGE, Warden of the Oklahoma State Penitentiary, Respondent.

No. A–13689.

Court of Criminal Appeals of Oklahoma.

July 7, 1965.

Audie A. Dentis, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

BRETT, Judge.

This is an original action in habeas corpus in which the petitioner, Audie A. Dentis, filed his petition pro sequendum, and alleges that he is improperly held in the State Penitentiary, at McAlester, Oklahoma.

Petitioner was tried before a jury in Tulsa County district court on April 3, 1963 for the crime of robbery with firearms, after former conviction of a felony. The jury found the petitioner guilty, and petitioner in open court waived any delay in the passing of sentence. The court then sentenced him to serve a term of twenty years in the state penitentiary.

All of the complaints alleged in his petition for a writ of habeas corpus are matters which must be presented on proper appeal. It has been held in numerous cases that habeas corpus cannot be used as a substitute for an appeal. See Shelton v. State, Okl.Cr., 381 P.2d 324; and also

Heard v. Raines, Okl.Cr., 359 P.2d 741, in which this Court held:

"The writ of habeas corpus may not be issued to correct alleged errors which are not of sufficient substance to deprive the court of jurisdiction to pronounce the particular judgment as such writ is not to be meant as substitute for an appeal."

■■ When petitioner filed his application for a writ of mandamus in Tulsa County district court, in which he asked for a case made at county expense, his application was filed too late. The statutes providing for the manner of making an appeal must be complied with, before this Court acquires jurisdiction. As we stated in Brake v. State, Okl.Cr., 380 P.2d 95, and numerous other cases:

"Appeals to Court of Criminal Appeals are governed by statute, and while defendants have right to appeal, manner of taking appeal is subject to legislative control, and failure to comply with laws relating thereto is fatal."

■ Likewise, any question concerning the sufficiency of the information should have been brought up at the time of trial. See Lindsey v. State, Okl.Cr., 374 P.2d 628, wherein we said:

"Writ of habeas corpus may not be used either before or after conviction to test sufficiency of an indictment or information."

■ From the records and information before this Court, it must be concluded that the district court of Tulsa County had jurisdiction of the person, the crime charged, and authority to pronounce judgment and sentence. Such being sufficient, this Court is without authority to inquire further. See Ex parte Bridges, Okl.Cr., 322 P.2d 427, in which it was said:

"In habeas corpus proceeding, the inquiry of the Court of Criminal Appeals is limited to whether the court pronouncing judgment had jurisdiction of the accused, of the offense charged, and jurisdiction to pronounce the particular judgment."

Also see: Ex parte Cummins, 94 Okl. Cr. 25, 229 P.2d 611; In re Smith, Okl. Cr., 339 P.2d 796, and others.

Therefore, for the reasons stated, the petition for writ of habeas corpus is denied.

BUSSEY, P. J., and NIX, J., concur.