**In the Matter of L. D. F., a juvenile, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. J–76–912.**

Court of Criminal Appeals of Oklahoma.

March 3, 1977.

OPINION

BRETT, Judge.

L. D. F., a juvenile, appeals from the order of the Juvenile Division of the District Court, Pittsburg County, waiving jurisdiction over him and empowering the State to prosecute him as an adult for the crime of Manslaughter in the First Degree.

The incident out of which the charge arose occurred on March 21, 1975, when the appellant was sixteen years of age. On October 8, 1975, a petition was filed alleging the appellant to be a delinquent. On September 16, 1976, after the appellant had become eighteen years of age, the Assistant District Attorney filed a motion to certify the appellant to stand trial as an adult, which motion the trial court granted on November 5, 1976, after a hearing. While the appellant does not raise the issue of his constitutional right to a speedy hearing, under the facts in this case and because of the twenty month delay, we deem the issue to be so fundamental that we consider it up on the Court's motion.

The United States Supreme Court has set out a balancing test to be used in dealing with this question in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).[1]

The test suggested by the Supreme Court involves four considerations: (1) the length of delay, (2) the reason therefor, (3) the party's assertion of his or her right to a hearing, and (4) the degree of prejudice to the party. As to two of these—the reason for the delay and the party's assertion of his right to a speedy hearing—the record in this case is silent; but the record does show a seven month delay from the time of the incident until the time of the filing of the petition, and an eleven month delay between the filing of the petition and the filing of the motion to certify.

The fourth consideration is the possibility of prejudice, and the prejudice to the appel-

Roger O. Housley, McAlester, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

---

1. We have previously discussed *Barker* and the right to a speedy hearing generally in *Bauhaus v. State,* Okl.Cr., 532 P.2d 434 (1975).

**116**

lant is clear: in arguing for certification the State relied heavily on the fact that the appellant was already eighteen years of age, contending that this alone would establish lack of amenability to the juvenile process; but if it had not been for the undue delay on the part of the State the appellant would not have been eighteen years of age at the time for certification. This is pure and simple bootstrapping and is not to be condoned. In previous cases we have distinguished between pre-accusation delay and post-accusation delay. Compare *Anderson v. State,* Okl.Cr., 556 P.2d 1006 (1976) and *State v. Duke,* Okl.Cr. (O–76–975, 1977). And while we do not here mean to imply that the two are of the same constitutional stature, in this particular case—with delays of seven months and eleven months respectively—they combined to severely prejudice the appellant. At the time of the incident giving rise to the charge he was only sixteen years of age, and the trial court at the certification hearing said:

> "I would say this, if this Juvenile was 14 I think even if he was 16 that on the evidence presented I would have no alternative but to Certify (sic) him as a Juvenile. But because of his age, . . . I will overrule the demurr. (sic)." (Tr. 108).

As the Supreme Court noted in *Barker v. Wingo,* supra, the only proper remedy for denial of the right is dismissal. Accordingly, the order appealed from is hereby VACATED, and the case REVERSED AND REMANDED to the District court WITH INSTRUCTIONS TO DISMISS.

BUSSEY, P. J., and BLISS, J., concur.