Clarence Lee NICKELL, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–960.

Court of Criminal Appeals of Oklahoma.

March 22, 1977.

Gordon R. Melson, Cal Hoover, Ada, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Catherine Gatchell Naifeh, Legal Intern, for appellee.

OPINION

BRETT, Judge:

Appellant, Clarence Lee Nickell, hereinafter referred to as defendant, was charged in the District Court, Pontotoc County, Case No. CRF–76–23, with the offense of Knowingly Concealing Stolen Property. He was convicted by a jury, and given a six (6) months' sentence. From said judgment and sentence a timely appeal has been perfected to this Court.

Defendant was the age of seventeen (17) years and four (4) months at the time of his arrest, and seventeen (17) years and seven (7) months of age at the time of his conviction. Defendant was arrested on February 8, 1976. On February 9, a preliminary inquiry was held, at which time the State gave oral notice that it would seek to certify defendant as an adult. Summons issued to defendant's mother on February 16. On February 18, a verified petition was filed stating the grounds upon which the defendant was brought within the purview of the Juvenile Code. On February 24, certification hearing was held with the Juvenile Court entering an order certifying defendant as an adult and ordering him to stand trial. Since defendant's appeal deals only with errors in the certification procedure, we deem it necessary to only briefly recite the facts.

On February 8, 1976, in Francis, Oklahoma, at about 11:30 p. m., Roger Bryd discovered that his CB radio had been stolen from his Pinto automobile, which he had left parked in front of a cafe in which he was eating. Marty Canada testified and stated in essence that he was with Allen Woods and the defendant in front of the cafe at about that time, and that Woods, at defendant's direction, got a package of cigarettes from the Pinto automobile. Woods asked the defendant if he wanted anything else from the automobile, at which time witness Marty Canada went back into the cafe. A short time later Bryd left the cafe,

discovered the loss, and told some other persons of it, one of whom called Deputy Sheriff Cotton Matthews. Matthews testified that he conducted an investigation as well as searching the general area. Eventually he found the radio hidden behind a nearby DX service station. The radio was left there, and Matthews called Deputy Lloyd Bond, who set up surveillance from a point some 150 feet away. Bond observed a black automobile, converted into a pickup truck, approach the scene. A person left this vehicle on a run, grabbed the radio and jumped back into the pickup. Deputy Bond gave chase, contacting Deputy Matthews. Eventually the same vehicle was located at defendant's house. The deputies knocked on a rear door, and defendant and Allen Woods answered. They were arrested although they disclaimed any knowledge of the stolen CB. Defendant rode with Matthews, and Allen Woods rode with Deputy Bond. Woods confessed to Deputy Bond while in transport, whereupon all returned to the defendant's residence. The CB radio was recovered by Woods from a field, and thereafter Woods and defendant were transported to jail. The following day, February 9, defendant in the presence of his mother gave a statement admitting his guilt. Allen Woods had pled guilty to the charge of knowingly concealing stolen property, and served time in the County jail. At defendant's trial he testified on the State's behalf, giving evidence which tended to show that defendant and he were acting conjointly.

In his first assignment of error defendant asserts several propositions dealing with alleged errors in the notice procedure used by the Juvenile Court, pursuant to 10 O.S.1971, §§ 1103, 1104 and 1105, and that therefore the Juvenile Court lacked jurisdiction and had no power to certify defendant to stand trial as an adult.

Defendant asserts in his first proposition that the verified petition, wherein it was requested that the Juvenile Court certify defendant to stand trial as an adult, was fatally defective in that it was not endorsed with the names of the witnesses intended to

be called by the State at the certification hearing, as required by 10 O.S.1971, § 1103(b).

 We note first that no objection whatsoever was taken at the hearing or beforehand by the defendant. There was no motion to set aside the petition, nor even a motion for continuance. The general rule in criminal cases is that where no attack is made upon the sufficiency of the information at or prior to trial, any errors are thereby waived, unless it be argued that the information fails to state facts constituting a crime, which may be argued for the first time on appeal. *Salisbury v. State,* 80 Okl.Cr. 13, 156 P.2d 149 (1945). A verified petition serves the same charging and notice giving functions in a juvenile proceeding as does an information in a criminal proceeding. We therefore hold that failure to object to the lack of endorsement of witnesses constituted a waiver thereof, and it cannot be raised for the first time on appeal. See also, *Dew v. State,* 11 Okl.Cr. 581, 149 P. 917 (1915), and *Dentis v. Page,* Okl.Cr., 403 P.2d 911 (1965).

 Secondly, defendant contends that it was required by this Court in *Crandell v. State,* Okl.Cr., 539 P.2d 398 (1975), quoting in part in *Re Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), that, "In a juvenile proceeding, however, due process requires that 'the child *and his parents or guardian be notified, in writing,* of the specific charge or factual allegations to be considered at the hearing, . . .' (Emphasis added)"; and that in the present case summons issued to defendant's mother, but that he received none. There being no notice to defendant it is asserted, the Juvenile Court was without jurisdiction to entertain the hearing.

The summons provision of the Juvenile Code, 10 O.S.1971, § 1104, is directed to those having custody of the child, not at the child, and requiring those with said custody to appear and requiring further that they bring the child with them. Section 1104 thus appears to be an attempt by the legislature to supply the parents, guardian or person with custody of the child, with the

kind of notice required by the United States Supreme Court in *Re Gault,* supra. In an action such as the present one, which was commenced with the arrest of the defendant for violation of a criminal statute, his appearance alone whether voluntary or involuntary is sufficient to give the court jurisdiction over him. Defendant was apprised in open court on the day after his arrest that a certification hearing would be held on a day certain. The summons directed to defendant's mother stated the same thing, requiring her to be there and requiring that she bring the defendant with her. Defendant in this case stands in the same position as any criminal defendant with regards to the jurisdiction of the court. The verified petition fulfills the same notice functions as an information or indictment. In the present case the defendant appeared with his mother and his lawyer in court on the day of the certification hearing. Defendant waived reading of the petition, the judge made a brief preparatory remark concerning the grounds of the petition, and defendant announced ready. The defendant being thus present and notified of the charge, at this point came under the jurisdiction of the court.

 Defendant's third proposition is that the summons provided the defendant's mother was defective in that it was served before the verified petition was filed, and that Section 1104 clearly requires that the summons issue after the filing of the petition. Defendant, however, fails to show how he was prejudiced by this. As stated above, a preliminary inquiry was held pursuant to Section 1103(a), at which time the State indicated it would seek to certify the defendant as an adult, and the defendant and his mother were given oral notice of the forthcoming hearing. Written notice was given the defendant's mother, the petition was filed, and defendant, his mother and his attorney appeared. Again, no objection to the error was made. We are of the opinion that this error caused no substantial injury to the rights of the defendant, and that the error in issuing the summons before filing the petition was harm-

**154**

less beyond a reasonable doubt. See, 20 O.S.1971, § 3001. Defendant's third proposition, and his first assignment of error is therefore without merit.

■ Defendant asserts in his second assignment of error that the order certifying defendant to stand trial as an adult is void for failure of the Juvenile Court to follow the guidelines required in 10 O.S.1971, § 1112(b), as interpreted in *J.T.P. v. State,* Okl.Cr., 544 P.2d 1270 (1975). More specifically he states that one of the two ultimate findings required by *J.T.P. v. State* was not made, namely, the amenability of the defendant to the rehabilitative services of the Juvenile Court.

This contention is without merit. At the time of his arrest, defendant was seventeen (17) years and four (4) months of age; he did not attend school; and, he was married, although living with his mother. There was evidence introduced at the hearing that he normally acquainted himself with persons over the age of eighteen. In certifying defendant to stand trial as an adult, the Juvenile Judge held in part:

> ". . . that there was a crime committed, and that there is probable cause to believe that the Respondent is guilty, as one of the principles in the alleged crime; that he is an emancipated child, and knows right from wrong, and does qualify under the guidelines as set out in the statute; . . ." (Tr. 65–66)

We thus conclude that there was sufficient evidence presented at the hearing upon which the Juvenile Judge could find that the defendant was not amenable to the Juvenile Court's rehabilitative services, and we find further that although the Juvenile Judge could have been more explicit, his statement that defendant was an emancipated child was a sufficient statement of his findings in this regard.

Defendant contends in his third assignment of error that the District Court was without jurisdiction to try him for the offense of knowingly concealing stolen property. This argument is predicated upon his assertions in his first assignment of error that because of defective notice the Juvenile Court was without jurisdiction to certify him as an adult; and, because of his assertion in his second assignment of error that the Juvenile Judge's order of certification failed to make the proper findings, and was therefore void. However, in view of what we have said regarding his first two assignments of error, defendant's third assignment of error is likewise without merit.

For the foregoing reasons the judgment and sentence appealed from is *AFFIRMED.*

BUSSEY, P. J., concurs in results.

BLISS, J., concurs.

BUSSEY, Presiding Judge, concurs in results:

I would affirm the judgment and sentence entered by the trial court in the instant case without opinion for the reason that all questions sought to be raised in this appeal should have been raised by a direct appeal from the order certifying the appellant to stand trial. Title 10, Oklahoma Statutes 1975 Supp., § 1123 provides in pertinent part:

> ". . . [A]ppeals taken from a trial court's decision . . . in a proceeding certifying a juvenile to stand trial as an adult shall be taken to the Court of Criminal Appeals in the same manner as other appeals are taken to the Court of Criminal Appeals of this state, and provided further that an order certifying a juvenile to stand trial as an adult shall be a final order, appealable when entered."

The appellant was represented by retained counsel who failed to perfect an appeal from the order certifying appellant to stand trial as an adult as authorized by § 1123, supra; this failure to appeal in the manner provided by law waives all defects, if any, and does not preserve any issue for review on appeal from the judgment and sentence rendered against the appellant.

Had the appellant appealed from the order certifying him to stand trial as an adult and properly raised the issues here sought to be raised I would have concurred in the opinion written by my colleague Judge

Brett, holding these assignments of error to be without merit.