In the Matter of L. A. B., a
Juvenile, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. J–80–547.

Court of Criminal Appeals of Oklahoma.

April 6, 1981.

H. Allen Johnson, Lawton, for appellant.

Robert G. Perrine, Dist. Atty., Fred C. Smith, Legal Intern, Lawton, for appellee.

## OPINION

CORNISH, Judge:

The juvenile, L. A. B., brings this appeal from an order of the District Court of Comanche County, Case No. JFJ–75–134, certifying him to stand trial as an adult for the offense of Attempted Robbery with a Firearm.

The incident giving rise to the robbery charge occurred on March 16, 1979, when the juvenile was seventeen years old. The record reflects that he reached his eighteenth birthday on April 28, 1979.

Adding to the confusing and unorganized record in this case is the fact that a second Motion to Certify this same juvenile as an adult was filed and was sustained on June 5, 1979, for the unrelated offense of First Degree Burglary. This Court having found the reverse certification statute under which he had been certified to be unconstitutionally vague in *State ex rel. Coats v. Johnson*, 597 P.2d 328 (Okl.Cr.1979), and various witnesses being unavailable, the State apparently abandoned the prosecution of the First Degree Burglary charge.

The Motion to Certify L. A. B. as an adult for Attempted Robbery was then filed on March 21, 1979. Some fourteen months elapsed from the date of the alleged crime

to the May 29, 1980, prosecutive merit hearing. On that date, the State announced ready, but the juvenile, appearing pro se, was granted a request for a continuance to secure counsel. The court minute reflects that the appellant was ordered to proceed with or without counsel on June 27, 1980, as the case had then been pending for over one year. On June 27, 1980, prosecutive merit was found; a court minute shows that the juvenile again moved to continue the certification hearing until July 3, 1980. The continuance was granted and the appellant was ordered to have all psychological examinations in his behalf prepared at that time or show cause why the exams were unavailable.

Thereafter, on July 1, 1980, the certification hearing was continued to July 15, 1980, again at the juvenile's request with no objection from the State. On July 15, 1980, the hearing was held on certification; a Referee, the Honorable Joseph Marak, Special Judge, entered Findings of Fact and Conclusions of Law, and recommended that L. A. B. be certified to stand trial as an adult. The appellant made no objection to the Referee's findings and failed to request further hearing as provided for by 10 O.S. 1971, § 1126(b). Adopting the Referee's findings, Judge William Roberts entered an order on July 21, 1980, certifying the juvenile to stand trial as an adult.

## I.

■ The strongest argument for reversal is the alleged denial of the right to a speedy trial. The test suggested by the Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) and adopted by this Court[1] involves four considerations: (1) the length of delay; (2) the reason therefor; (3) the party's assertion of his or her right to a hearing; and (4) the degree of prejudice to the party.

■ It is clear from the record that there was a fourteen month delay between the filing of the motion to certify on the Attempted Robbery charge and the date set for hearing on that motion. While this may have been partially the result of the State's election to proceed with the motion to certify on First Degree Burglary, the record is silent as to the appellant's assertion of his right to a speedy hearing on the Attempted Robbery charge. Most important, however, is the fact that between the filing of the motion to certify on March 21, 1979, and the hearing on July 15, 1980, there were several continuances at the appellant's request: The first was on May 29, 1980, and again on June 27, 1980, and July 1, 1980. There was also a continuance of the hearing upon agreement of both counsel on October 11, 1979 until December 9, 1979,—however, it is unclear from the record to which offense this relates.

During all of this time subsequent to the filing of the motion to certify, the appellant failed to vigorously assert his right to a speedy hearing. In considering the degree of prejudice resulting, we find none. As pointed out by the State the memory of various witnesses grew dim and evidence was more difficult to produce. Further, in establishing lack of amenability to the juvenile process, the court specifically made note of the appellant's lengthy juvenile record and his unsuccessful encounters with the system. For these reasons we conclude that the appellant was not deprived of his right to a speedy trial. Compare *Matter of L. D. F. v. State*, 561 P.2d 114 (Okl.Cr.1977); *Matter of R. B. v. State*, 584 P.2d 1351 (Okl.Cr.1978).

■ Similarly, after an exhaustive review of the entire record, we find no merit to the remaining assignments of error regarding L. A. B.'s physical appearance and denial of another motion for continuance. As to his claim of error in the finding of prosecutive merit based upon the testimony of an unendorsed witness, we held in *Nick-*

---

1. See *Bauhaus v. State*, 532 P.2d 434 (Okl.Cr. 1975) and *L. D. F. v. State*, 561 P.2d 114 (Okl. Cr.1977).

*ell v. State*, 562 P.2d 151 (Okl.Cr.1977) that the appellant's failure to object to the lack of endorsement of the witness constituted a waiver thereof. See also *Dentis v. Page*, 403 P.2d 911 (Okl.Cr.1965). Here the appellant failed to object until the second phase of the certification hearing. Therefore, *Nickell v. State*, supra, is dispositive.

The order certifying L. A. B., a juvenile, to stand trial as an adult is AFFIRMED.

BRETT, P. J., and BUSSEY, J., concur.